Bjorn J. Holubar (BH-9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MICHELLE HOLUBAR, and             :
BJORN J. HOLUBAR,                 :
                                  :
                    Plaintiffs,   :
       v.                         :    2007 CV 7185
                                  :    (S. Robinson/M. Fox)
TOM ALLEN, aka                    :
TOMMY ALLEN, aka                  :
THOMAS ALLEN, dba                 :
TOM ALLEN EXCAVATING, and         :
JOAN ALLEN,                       :
                                  :
                    Defendants.   :
                                  :
------------------------------------------------------------X

# 1st AMENDED VERIFIED COMPLAINT & JURY DEMAND

## Preliminary Statement

Plaintiffs, Michelle Thorpe Holubar and Bjorn J. Holubar bring this action to remedy a pattern of behavior and/or conduct by Defendant, specifically including Civil RICO – mail & wire fraud; breach of contract law, violations of New York's Lien Law § 79-a & GBL § 771; conversion; fraud and unjust enrichment.

## Jurisdiction & Venue

1. This action arises under the 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1961-1968 *et seq*.

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331.

3. The Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a) over any and all state law claims and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case and controversy.

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) *et seq*.

## Parties

5. Plaintiffs, Michelle Thorpe Holubar & Bjorn J. Holubar ("Holubars"), are citizens of the United States, with a place of residence in Putnam County, State of New York.

6. Defendant Tom Allen aka Tommy Allen aka Thomas Allan, all dba Tom Allen Excavating, is a citizen of the United States, and was at all times relevant herein a resident of the Town of Philipstown, County of Putnam, State of New York.

7. Defendant Joan Allen, upon information and belief is an owner, principle or investor in Tom Allen Excavating, infusing capital into the business and/or receiving compensation therefrom and dba Tom Allen Excavating.

8. Defendants collectively are referred to as "Allen".

**Facts**

9. Tom Allen solicited a project from the Holubars.

10. The project consisted of the excavation and creation of a private driveway.

11. In furtherance of this solicitation, Allen represented that he has excavated and constructed such driveways in the past.

12. In or about November 2006 Allen mailed a copy of the proposed contract to the Holubars.

13. Thereafter, based on the mailed contract and the handwritten notation thereupon, Allen entered into contractual relations with the Holubars for construction of a private driveway ("Project") in the town of Philipstown, County of Putnam, State of New York.

14. Allen requested a deposit before doing work.

15. In January 2007, a deposit of $20,160 was remitted to Tom Allen by the Holubars.

16. Allen represented the driveway would be completed by March 1, 2007.

17. This representation was later found to be false.

18. In or about February 2007 Tom Allen represented via telephone to the Holubars and others that several stages as set forth in his contract concerning the project were nearing completion.

19. On or about February 16, 2007, Tom Allen represented via telephone to Fishkill Town Judge Frank Cross, Esq., Philipstown Town Judge Steve Tomann, Esq.

Michael Colamarino, Judy Colamarino and the plaintiffs that the project would be completed or at least the driveway passable by March 1, 2007.

20. The Holubars, Colamarinos and their attorneys relied on the representations of Allen and concluded a real estate transaction.

20a. Said transaction that would not have been consummated but for the misrepresentations of Allen.

21. In reliance upon the telephonic representations of Allen, believed to be true, Allen was issued payment in the amount of $30,000 at this time (later to be found to be an advance).

22. On March 1, 2007, the Project was neither passable or completed as previously promised by Allen.

23. Allen was requested to remedy and cure the breach.

24. On April 1, 2007, the Project was neither passable or completed.

25. Allen was requested to remedy and cure the breach.

26. In April Allen undertook home improvements not set forth in the contract between the parties.

26a. Such undertakings were not reduced to writing by Allen.

26b. Such undertakings consisted of the construction of an approximately 200 foot long 2-6 foot high stone retaining wall, back filling the wall with dirt and top soil, grading and York raking the same for grass seeding.

26bi. Allen failed to fully construct the wall.

26bii. Allen failed to fully backfill the wall.

26c. In furtherance of the construction of the stone wall Allen was to transfer stones and rocks from an adjoining parcel of land.

26ci. Allen failed to transfer rocks from the adjoining parcel of land in a timely manner, whereby the adjoining landowner reconsidered and elected to keep such stones and rocks requiring the purchase of stones and rocks.

26d. Allen was paid for such services yet failed to complete any element of the above.[1]

27. On May 1, 2007, the Project was neither passable nor complete.

28. Allen was requested to remedy and cure the breach.

29. Allen represented that the driveway would be completed by the June 6 NYS DOT permit expiration date.

30. On June 1, 2007, the Project was neither passable or completed.

31. On June 6, 2007 the Project was neither passable or completed.

32. Allen refused to work further on the Project stating he "underbid" the Project and that it required more money.

32a. Allen refused to work further on the Project stating that he "was not properly equipped with manpower or equipment" to complete the Project.

33. Allen was again put on notice of his breach.

34. It was then discovered that without authority or consent, Tom Allen removed natural resources from the Holubars' property.

---

[1] Allen was paid close to $8,000 on "non contract" "home improvements" and then when the Holubars were placed on notice of Allen's breach of contract and refusal to cure the same in June the last payment of $1,700 was stopped, notwithstanding Allen's refusal to even complete the "wall project".

35. Real property sales have been lost on account of the project being incomplete and in-passable.

36. In an attempt to again mitigate Allen's breached bids from potential replacement excavators who were solicited.

37. A replacement contractor has been retained in excess of the contract price agreed to by Allen.

38. It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with the engineer's plans, *e.g.* and not limited to the principle driveway is off center by close to 20 feet, therein encroaching another northerly located parcel of property.

39. It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with the engineer's plans, *e.g.* and not limited to the driveway's elevation was "well above the designated grade", requiring further topographic analysis and excavation.

40. It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with New York States DEC requirements, *e.g. and not limited to* water control.

41. It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in

compliance with New York States DEC requirements, *e.g.* and not limited to erosion control.

42. It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with pre work elements, *e.g.* confirmation of the non existence of underground electrical and utilities on the Project.

43. It was later discovered and confirmed that Allen fraudulently induced the Holubars' contractual entrance as Allen had never before effected a driveway of this design or size.

44. Additional actions have been undertaken in an attempt to further mitigate and/or address the damages caused by Allen, e.g. tree clearing, stumps removed, raw and construction materials purchased, demands for refund of the deposit were made, demands for refund of moneys paid pursuant to the contract for services not rendered/completed/or negligently performed, and property lot lines must now be re surveyed, adjusted, priced and marketed accordingly.

45. The above actions, misrepresentations and omissions of Allen have all required expenditure of time, resources and monetary resources above and beyond the contract price in Allen's contract.

## Causes of Action

## 1st CAUSE OF ACTION
### 18 U.S.C. § 1961-1968 *et seq* / 18 U.S.C. § 1341 / 18 U.S.C. § 1343

46.     The Holubars incorporate by reference the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47      Beginning no later than November 2006 through and until June 2007 the defendants engaged in and devised a fraudulent scheme to secure and defraud the Holubars of monetary resources and abscond with the Holubars' natural resources.

48.     In furtherance of this fraudulent scheme the defendants and others engaged in the following pattern of racketeering activity:

### Mail Fraud

49.     Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above and not limited thereto concerning the time of completion of the Project with the sole intent to defraud plaintiffs and others out of monetary proceeds.

50.     Defendants engaged in a pattern of fraudulently knowingly concealed the truth about what happened and matter's status to effect payment.

51.     Defendants intended by their action and testimony to defraud the Plaintiffs, others similarly situated, and thus illegally profited from such fraudulent representations.

52.     In the course of executing the fraudulent scheme to defraud Plaintiffs defendants repeatedly effected communication of contracts and materials through the United States Postal Service to and from this district in violation of 18 U.S.C. § 1341 (mail fraud).

## Wire Fraud

53. Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above and not limited thereto concerning the time of completion of the Project with the sole intent to defraud plaintiffs and others out of monetary proceeds.

54. Defendants engaged in a pattern of fraudulently concealing the truth about what happened and matter's status to effect payment.

55. Defendants intended by their action and testimony to defraud the Plaintiffs, others similarly situated, and thus illegally profited from such fraudulent representations.

56. In the course of executing the fraudulent scheme to defraud the Holubars defendants repeatedly effected and made telephone call using interstate wire facilities to and from this district in violation of 18 U.S.C. § 1343 (wire fraud).

57. *To wit* and not limited to the occasion referenced: on or about February 16, 2007, defendants represented *via* telephone to Fishkill Town Judge Frank Cross, Esq., Philipstown Town Judge Steve Tomann, Esq. Michael Colamarino, Judy Colamarino and the plaintiffs that the project would be completed or at least the driveway passable by March 1, 2007.

## Scheme To Defraud

58. Defendants did numerously proffer material false representations.

59. That the defendant knew or believed to be false

60. Defendants did numerously omit material facts.

61. Defendant made the material misrepresentation or omission with the intent to induce the Holubars to rely and remit payments otherwise not due for goods (never purchased), services (never rendered) and simply the theft of natural resources.

62. The Holubars relied on the misrepresentation and omissions of defendants.

63. The Holubars have been injured as a result of such reliance.

## Promissory Fraud

64. Defendants did numerously proffer material false representations of future performance that the defendant knew or believed to be false.

65. Defendants knowingly promised future performance knowing that defendants did not have the proper equipment to effect the services contracted for.

66. Defendants knowingly promised future performance knowing that defendants did not have the proper man power to effect the services contracted for.

67. Defendants had no intention of ever performing the future act, and proffered such false promise as the scheme and manner to accomplish an independent fraudulent schemes, *e.g.* payment of the project and the home improvement "wall construction".

68. Defendant made the material misrepresentation or omission with the intent to induce the Holubars to rely and remit payments otherwise not due for goods (never purchased), services (never rendered) and simply the theft of natural resources.

69. The Holubars relied on the misrepresentation and omissions of defendants.

70. The Holubars have been injured as a result of such reliance.

71. Each of the aforesaid violations by the defendants constitutes an instance of "racketeering activity".

72. The multiple acts of racketeering activity by the defendants and others were interrelated, part of a common and continuous pattern of fraudulent schemes to defraud and were perpetrated for the same or similar purpose, thus constituting a "pattern of racketeering activity".

73. As a direct and proximate result of the defendants' fraudulent conduct and schemes by engaging in a pattern of racketeering activity, the Holubars suffered and suffer economic loss.

74. The Holubars have and continues to be injured by defendants' conduct, actions and omissions.

75. Such injuries will continue until remedies are redressed by this Court.

### 2nd CAUSE OF ACTION
### New York -- Breach of Contracts

76. The Holubars reallege paragraphs 1 through 75 as if fully stated herein.

77. Defendants voluntarily entered into contractual relations with Plaintiffs.

78. The Holubars had an express written contract providing for services to be rendered, compensation and terms of payment.

79. Defendants breached that express written contract failing to perform services due, refusing to perform service paid for and refusing future performance.

80. Defendants profited from such actions and omissions.

81. Defendants have failed to perform in accordance with the terms of their contract.

82 Defendants are in breach of contract.

83. The Holubars are and will continue to be injured as a result of Defendants' actions and omissions.

84. The Holubars' injury will continue until remedy by this Court.

### 3rd CAUSE OF ACTION
### New York – Violation of Lien Law § 79-a

85. The Holubars reallege paragraphs 1 through 84 as if fully stated herein.

86. Defendants voluntarily entered into contractual relations with Plaintiff.

87. Defendants requested, in writing by USPO, a deposit of $20,160 before commencement of work.

88. Defendants were paid a deposit by the Holubars $20,160.

89. Pursuant to New York State Law, Lien Law § 79-a such advance deposit payments were and are to be held in trust until the contracted for projects completion.

90. Defendants spend such trust deposits on personal expenditures.

91. Defendants are in violation of Lien Law 79-a.

92. Demand for the deposits return have been made by the Holubars.

93. Defendants represented that the Holubars' deposit held in trust by defendants has been expended.

94. Defendants are in violation of Lien Law 79-a.

95. The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

96. The Holubars' injury will continue until remedy by this Court.

### 4th CAUSE OF ACTION
### New York - Conversion

97. The Holubars incorporate by reference the allegations set forth in Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants converted proceeds held in trust by them for personal gain

without right or authority from the Holubars.

99. Defendants failed to return the above proceeds after demand.

100. The Holubars have and continue to be injured by defendants' conduct, actions and omissions.

101. Such injuries will continue until remedies are redressed by this Court.

### 5th CAUSE OF ACTION
#### New York – Theft/Conversion

102. The Holubars incorporate by reference the allegations set forth in Paragraphs 1 through 101 as if fully set forth herein.

103. Defendants removed natural resources from the Holubars property without authority or consent.

104. Defendants failed to return the above resources.

106. Defendants failed to compensate the Holubars for said natural resources.

107. Defendants converted the Holubars' natural resources to personal use.

108. The Holubars have and continue to be injured by Defendants' conduct, actions and omissions.

109. Such injuries will continue until remedies are redressed by this Court.

### 5th CAUSE OF ACTION
#### New York - Violation of General Business Law § 771

110. The Holubars incorporate by reference the allegations set forth in paragraphs 1 through 109 as if fully set forth herein.

111. Under the provisions of § 771 of the General Business Law of the State of New York, every home improvement contract must contain certain information and be in writing.

112. Defendants failed to provide an appropriate contract for the Project and the contract for work, labor and services done at the Holubars home omitting information such as the approximate dates or estimated dates when the work would begin or and be substantially complete and describing specifically the work to be performed, materials to be provided, and agreed upon consideration.

113. The Holubars therefore respectfully request that the Court impose a civil penalty in the amount of $100.00 against the defendants, severably, pursuant to § 773 Subsection 1 of the General Business Law.

114. The Holubars further seek penalties against the defendants severably pursuant to § 772 Subsection 1 of the General Business Law in the amount of $500.00 as a civil penalty, plus reasonable attorneys fees, based upon omissive, false or fraudulent written representations provided by the defendants to the Holubars.

115. The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

116. The Holubars' injury will continue until remedy by this Court.

### 6th CAUSE OF ACTION
#### New York - Violation of General Business Law § 771

117. The Holubars incorporate by reference the allegations set forth in paragraphs 1 through 116 as if fully set forth herein.

118. Under the provisions of § 771 of the General Business Law of the State of New York, every home improvement contract must contain certain information and be in writing.

119. Defendants failed to provide any contract for the "wall construction" as detailed in paragraphs 26 et seq detailing the contract for work, labor and services done at

the Holubars home omitting information such as the approximate dates or estimated dates when the work would begin or and be substantially complete and describing specifically the work to be performed, materials to be provided, and agreed upon consideration.

120. The Holubars therefore respectfully request that the Court impose a civil penalty in the amount of $100.00 against the defendants, severably, pursuant to § 773 Subsection 1 of the General Business Law.

121. The Holubars further seek penalties against the defendants severably pursuant to § 772 Subsection 1 of the General Business Law in the amount of $500.00 as a civil penalty, plus reasonable attorneys fees, based upon omissive, false or fraudulent written representations provided by the defendants to the Holubars.

122. The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

123. The Holubars' injury will continue until remedy by this Court.

### 7th CAUSES OF ACTION
### New York – Negligence, multiple counts

124. The Holubars repeat and reallege the allegations contained in paragraphs 1 through 123 as if fully set forth herein.

125. Defendants owed the Holubars the duties to perform and execute their obligations to the Holubars as contractually provided.

126. Defendants breached their duties to the Holubars were negligent in the performance of their duties see paragraphs 38-42 and not limited thereto.

127. As a result of defendants' breaches of their duties, the Holubars are and continue to be damaged and materially and irreparably injured.

128. Defendants' actions were without concern of defendants' obligations and responsibilities to the Holubars.

129. The Holubars are and continue to be injured as a result of defendants' actions and omissions.

130. The Holubars' injury will continue until remedy by this Court.

## 8th CAUSE OF ACTION
### New York – Fraud

131. The Holubars incorporates by reference the allegations set forth in paragraphs 1 through 130 as if fully set forth herein.

132. Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above.

133. Defendants engaged in a pattern of fraudulently concealing the truth about what happened and the intention of performance for procurement of funds not otherwise attainable or due.

134. Defendants intended by their action, conduct and testimony to defraud the Holubars and thus illegally profited from such fraudulent representations.

135. Defendants intentionally made untrue representation about the ability to complete the Project.

136. Defendants intentionally made untrue representation about the status of the Project.

137. The untrue representation were believed by the Holubars and relied upon.

138 That as a direct and proximate result of defendants' fraudulent concealment and conduct, Plaintiffs have been injured both money and property.

139. The Holubars have and continue to be injured by defendants' conduct, actions and omissions.

140. Such injuries will continue until remedies are redressed by this Court.

## 9th CAUSE OF ACTION
### New York – Unjust Enrichment

141. The Holubars repeat each and every allegation as set forth above, *et seq*.

142. Defendant has been unjustly enriched through the receipt of payment without rendering any consideration therefore.

143. Defendants' actions are at the sole expense of the Holubars.

144. The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

145. The Holubars' injury will continue until remedy by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, pray this Court render judgment on all causes of action against defendants jointly and severably and award Plaintiffs:

A. an amount to be determined, but believed in excess of $450,000.00;

B. an amount as provided for by 18 U.S.C. § 1961-1968 *et seq*., trebled;

C. amounts provided for by New York General Business Law § 771

D. amounts provided for by New York Lien Law § 79-a;

E. their reasonable costs and attorney fees, and

E. directing such other and further relief as the Court may deem just and proper and or awardable.

## JURY TRIAL DEMANDED

In accordance with the provisions of the Fed.R.Civ.Pro., Plaintiffs hereby demand a trial by jury of all issues so triable.

**VERIFICATIONS**

*/s/ Michelle Thorpe Holubar*
Michelle Thorpe Holubar

Before me, the undersigned authority, duly authorized to accept acknowledgments and oaths, personally appeared Michelle Thorpe Holubar who after being sworn, deposes and says that she has read the foregoing Verified Complaint affirms under penalty of perjury that the same is true and accurate except for those statements made under information and belief.
NOTARY: *Lisa M. Merando*

Dated: September 5, 2007
   New York, New York

Respectfully submitted,

Bjorn J. Holubar (BH-9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net