UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                      Plaintiffs,           AFFIDAVIT OF SERVICE
                                           2007 Civ. 7185

      - against -

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a
TOM ALLEN EXCAVATING and
JOAN ALLEN,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK       )
                         ) SS.:
COUNTY OF WESTCHESTER )

      JOHN H. HERSH, being sworn says: I am not a party to the action,

am over 18 years of age and reside at Peekskill, New York 10566.

      On September 24, 2007, I served a true copy of the annexed notice

of motion, affidavit and memorandum of law in the following manner:

      by mailing the same in a sealed envelope, overnight mail, with

postage prepaid thereon, in a post office or official depository of the U. S.

Postal Service within the State of New York, addressed to the last known

address of the addressee(s) as indicated below:

> Bjorn J. Holubar, Esq.
> 575 Madison Avenue, 10th Floor
> New York, New York 10022

                                        _____
                                                JOHN H. HERSH

Sworn to before me this

24th day of September 2007.

_____

Notary Public

MARGARET T. FURFARO
Notary Public, State of New York
Qlfd. Westchester County # 4707187
Term Expires March 30, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                        Plaintiffs,

     v.

TOM ALLEN, aka                        NOTICE OF
TOMMY ALLEN, aka                 MOTION TO
THOMAS ALLEN, dba               DISMISS
TOM ALLEN EXCAVATING and      2007 Civ. 7185
JOAN ALLEN,                         (Robinson)

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Defendants, TOM ALLEN and JOAN ALLEN, by JOHN H. HERSH,

their attorney, move the Court at the United States Courthouse, 300

Quarropas Street, Room 633, White Plains, New York 10601, to dismiss

the first amended complaint of plaintiffs, MICHELLE HOLUBAR and

BJORN J. HOLUBAR, pursuant to Federal Rules of Civil Procedure

12(b)(1) and (6), on the grounds that this Court lacks jurisdiction over the

subject matter and the first amended complaint fails to state a claim upon

which relief can be granted and that, accordingly, there is no proper case

or controversy for this Court to determine under the Federal Constitution.

Dated:  September 24, 2007

_____
JOHN H. HERSH
(JHH-1548)

JOHN H. HERSH
Attorney for Defendants
TOM ALLEN and JOAN ALLEN
First Federal Building
Peekskill, New York 10566
(914) 739-4200


TO:  BJORN J. HOLUBAR
     Attorney for Plaintiffs
     MICHELLE HOLUBAR and
     BJORN J. HOLUBAR
     575 Madison Avenue, 10th Floor
     New York, New York 10022
     (646) 334-8312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                        Plaintiffs,          AFFIDAVIT
                                              2007 Civ. 7185

       v.

TOM ALLEN, aka
TOMMY ALLEN, aka
THOMAS ALLEN, dba
TOM ALLEN EXCAVATING and
JOAN ALLEN,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK      )
                         ) SS.:
COUNTY OF WESTCHESTER )

      JOHN H. HERSH, being duly sworn, deposes and says:

      1. That your deponent is the attorney for the defendants, TOM

ALLEN and JOAN ALLEN (hereinafter "ALLEN") in the above entitled

action and your deponent makes this affidavit in support of their

application dated September 24, 2007, for an order pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6) dismissing the first amended

complaint of the plaintiffs, MICHELLE HOLUBAR and BJORN J.

HOLUBAR (hereinafter "HOLUBAR") dated September 5, 2007, upon the

grounds that this Court lacks jurisdiction over the subject matter and the first amended complaint fails to state a claim upon which relief can be granted.

2. That pursuant to 28 U.S.C. Section 1367(c)(3) after dismissing all claims over which this Court has original jurisdiction, this Court should, in its discretion, then dismiss the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action brought pursuant to New York State law.

3. That as more fully discussed in the accompanying memorandum of law, the first cause of action in the first amended complaint dated September 5, 2007, seeks treble damages against ALLEN under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter RICO). Invoking this Court's supplemental jurisdiction, HOLUBAR joined nine (9) additional causes of action under New York State law. Because HOLUBAR fails to allege the necessary elements of a RICO claim, and even assuming that all of the factual allegations in the first cause of action are true, ALLEN is entitled to dismissal of the first cause of action in the first amended complaint dated September 5, 2007, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6); and the remaining nine (9) causes of action under New York State law should also be dismissed in the discretion of this Court pursuant to 28

2

U.S.C. Section 1367(c)(3) as they fail without the umbrella of the Federal question.

4. That as more fully discussed in the accompanying memorandum of law, the first cause of action in the first amended complaint dated September 5, 2007, seeking treble damages under RICO, fails to adequately plead the requisite statutory elements and must be dismissed. That on the face of the first cause of action in the first amended complaint dated September 5, 2007, it is clear that HOLUBAR is not entitled to relief under the RICO statute; and nothing that they could add will help them.

5. That annexed hereto as Exhibit "A" is a copy of the first amended complaint dated September 5, 2007.

6. That the first cause of action in the first amended complaint dated September 5, 2007, fails to allege a requisite jurisdictional element of a RICO claim that ALLEN'S activities affect interstate or foreign commerce; nor does the first cause of action in the first amended complaint dated September 5, 2007, allege with the requisite particularity the enterprise claimed, the continuity of the claimed pattern of racketeering, nor the precise RICO section(s) violated by ALLEN.

7. That for the reasons set forth in the accompanying memorandum of law, ALLEN is entitled to dismissal of the first cause of action in the first amended complaint dated September 5, 2007, pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6); and in the discretion of the Court, the remaining nine (9) causes of action under New York State law should be dismissed pursuant to 28 U.S.C. Section 1367(c)(3) in the absence of a Federal question.

WHEREFORE, your deponent prays for an order granting this application.

_____
JOHN H. HERSH

Sworn to before me this
24th day of September, 2007

_____
Notary Public

MARGARET T. FURFARO
Notary Public, State of New York
Qlfd. Westchester County # 4707187
Term Expires March 30, 20_11_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                              Plaintiffs,


        v.                                              2007 Civ. 7185


TOM ALLEN, aka
TOMMY ALLEN, aka
THOMAS ALLEN, dba
TOM ALLEN EXCAVATING and
JOAN ALLEN,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x



DEFENDANTS' MEMORANDUM OF LAW



                              JOHN H. HERSH
                              Attorney for Defendants
                              TOM ALLEN and
                              JOAN ALLEN
                              First Federal Building
                              Peekskill, New York 10566
                              (914) 739-4200

I.

INTRODUCTION

The defendants, TOM ALLEN and JOAN ALLEN (hereinafter "ALLEN") submit this memorandum of law in support of their motion dated September 26, 2007, for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), dismissing the first cause of action in the first amended complaint of the plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR (hereinafter "HOLUBAR") dated September 5, 2007, seeking treble damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter RICO) upon the grounds that this Court lacks jurisdiction over the subject matter and the first cause of action contained in their first amended complaint fails to state a claim upon which relief can be granted.

That pursuant to 28 U.S.C. Section 1367(c)(3), in the discretion of this Court, the remaining nine (9) causes of action under New York State law should also be dismissed in the absence of a Federal question.

That as more fully discussed below, the first cause of action in the first amended complaint fails to allege the requisite jurisdictional elements of a RICO claim because it fails to allege that ALLEN'S activities affect interstate or foreign commerce; nor does it allege with the requisite

particularity the enterprise claimed, the continuity of the claimed pattern
of racketeering, nor the precise RICO section(s) violated by ALLEN.

II

THE FIRST CAUSE OF ACTION IN<br>THE FIRST AMENDED COMPLAINT

HOLUBAR'S first cause of action seeks treble damages against
ALLEN under RICO. HOLUBAR (a lawyer) claims that ALLEN
(a contractor) entered into a written contract with them on or about
November, 2006, for the construction of a driveway at HOLUBAR'S real
property in Putnam County, New York. At that time ALLEN represented
that he was a contractor capable of performing the work. Accepting all of
the factual allegations as true, HOLUBAR claims that ALLEN solicited the
construction work from them. HOLUBAR claims that ALLEN requested a
contract deposit and told HOLUBAR that his work would be completed by
March 1, 2007. ALLEN represented to HOLUBAR and others that he
would complete the work by March 1, 2007; and HOLUBAR and
nonparties relied upon ALLEN'S representations which ALLEN knew were
false when he made them and remained false in April, 2007, May 2007,
and June 2007. HOLUBAR claims that during these months ALLEN
continued to represent that his work would be completed on time; and
ALLEN requested and accepted additional moneys, performed additional
work without the benefit of any written agreement with HOLUBAR, and

2

ALLEN failed to properly complete the work he was paid for and was negligent in completing the minimal work he did, by failing to comply with specific engineering plans, New York State construction requirements and other engineering requirements. HOLUBAR alleges that ALLEN is liable for fraudulent inducement, breach of contract and fraudulent concealment; and HOLUBAR alleges that in order to commence, continue and complete the fraudulent scheme, ALLEN used the United States Postal Service to mail contracts and materials and used the telephone (intrastate), specifically on February 16, 2007, and other times, as part of his fraudulent scheme. HOLUBAR claims that from November, 2006 through June, 2007, ALLEN took their money, stole their dirt (natural resources) and by repeated fradulent misrepresentations and omissions including mail fraud (18 U.S.C. Section 1341) and wire fraud (18 U.S.C. Section 1343) ALLEN executed a fraudulent scheme.

HOLUBAR paid ALLEN three (3) payments, $20,160.00, $30,000.00 and $8,000.00. HOLUBAR seeks damages in excess of $450,000.00 (trebled).

That accepting as true each and every factual allegation contained in the first cause of action in the first amended complaint dated September 5, 2007, it fails to plead the requisite statutory elements of a RICO cause action because it both fails to allege a requisite jurisdictional element that

3

ALLEN'S activities affect interstate or foreign commerce, fails to allege with particulalrity the enterprise claimed and the continuity of the claimed pattern of racketeering; and HOLUBAR fails to precisely plead the statutory section(s) of RICO allegedly violated by ALLEN.

The first cause of action in the first amended complaint dated September 5, 2007, contains the following factual claims:

1. HOLUBAR resides in Putnam County, New York;
2. ALLEN resides in Putnam County, New York;
3. ALLEN'S mother is an owner, principal or investor in his business, infuses capital or receives compensation. The business is named: "Tom Allen Excavation";
4. ALLEN solicited a contracting project from HOLUBAR;
5. ALLEN represented he had excavation/construction experience;
6. ALLEN mailed a proposed contract to HOLUBAR in November, 2006;
7. HOLUBAR entered into a contract for construction of a private driveway;
8. ALLEN requested and received a deposit;
9. ALLEN falsly represented the work would be done by March 1, 2007;
10. ALLEN represented on the telephone on February 16, 2007, to nonparties, that the work would be completed by March 1, 2007;
11. HOLUBAR and nonparties relied on ALLEN'S representations;
12. HOLUBAR and the nonparties would not have completed a transaction but for ALLEN'S misrepresentation;
13. Based on his misrepresentation ALLEN received $30,000.00 from HOLUBAR;
14. ALLEN did not complete the work by March 1, 2007;
15. ALLEN did not complete the work by April 1, 2007;
16. HOLUBAR asked ALLEN to remedy a breach of contract;
17. In April 2007, ALLEN performed home improvements for HOLUBAR without a writing;
18. ALLEN did not fully complete the home improvement contract;
19. ALLEN was to receive stones from an adjoining parcel of land;
20. ALLEN did not get the stones and HOLUBAR had to purchase

4

stones and rocks;

21. ALLEN did not complete his work on May 1, 2007;
22. ALLEN did not complete his work on June 1, 2007;
23. ALLEN told HOLUBAR his work would be completed by June 6, 2007;
24. ALLEN refused to continue working and requested more money;
25. ALLEN refused to continue working and said he was not properly equipped to finish;
26. ALLEN removed natural resources from HOLUBAR'S land;
27. HOLUBAR lost real property sales;
28. HOLUBAR sought and retained a replacement excavator and was damaged;
29. ALLEN failed to comply with engineering plans;
30. ALLEN was negligent;
31. ALLEN failed to comply with New York State requirements;
32. ALLEN fraudulently induced HOLUBAR to enter into a contract;
33. HOLUBAR is damaged in a sum beyond the ALLEN contract price from November, 2006 until June 6, 2007;
34. ALLEN engaged in a fraudulent scheme and a pattern of racketeering activity;
35. ALLEN intentionally failed to disclose the truth solely to defraud HOLUBAR;
36. ALLEN knowingly concealed the truth to obtain money;
37. ALLEN intended to defraud HOLUBAR and others;
38. ALLEN communicated contracts and materials by mail;
39. ALLEN repeatedly made telephone calls to execute a fraudulent scheme; and
40. ALLEN proffered materially false representations knowing they were false.

III

MERELY PLEADING 18 U.S.C. SECTIONS
1961-1968 ET SEQ. IS INSUFFICIENT

In the first cause of action in the first amended complaint dated

September 5, 2007, at page 8, HOLUBAR pleads that ALLEN violated 18

U.S.C. Sections 1961-1968 et seq. Even accepting as true all of

HOLUBAR'S allegations, the first cause of action in the first amended
complaint fails because HOLUBAR is required to plead precisely the
enterprise alleged to have been created by ALLEN and the RICO section(s)
allegedly violated. The Racketeer Influenced and Corrupt Organizations
Act, 18 U.S.C. Sections 1961-1968, prohibits the following:

    (1) the use of income derived from a "pattern of
       racketeering activity" to acquire an interest in or establish
       an enterprise engaged in or affecting interstate commerce;

    (2) the acquisition or maintenance of any interest in an enter-
       prise through a pattern of racketeering activity;

    (3) conducting or participating in the conduct of an enterprise
       through a pattern or racketeering activity; and

    (4) conspiring to violate any of these provisions.

HOLUBAR fails to plead with particularity the precise section(s) of
the statute allegedly violated [18 U.S.C. Sections 1962(a) and/or (b)
and/or (c) and/or (d)] and the enterprise alleged; and HOLUBAR asserts,
only generally, that ALLEN violated this Federal statute, which pleading is
insufficient. For a complaint to properly plead violations of the Racketeer
Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1962(a), (b),
(c) or (d), it must plead the exact section(s) the defendants allegedly

violated. <u>Reynolds</u> v. <u>East Dyer Development Company</u>, 882 F. 2d 1249

(7th Cir. 1989). That as set forth above, HOLUBAR does not plead

whether ALLEN violated 18 U.S.C. Section 1962(a) making it unlawful to

invest income derived from a pattern of racketeering in an enterprise; nor

does HOLUBAR plead whether ALLEN violated 18 U.S.C. Section 1962(b)

which makes it unlawful to acquire or maintain an interest in an enterprise

through a pattern of racketeering activity; nor does HOLUBAR plead

whether ALLEN violated 18 U.S.C. Section 1962(c) which makes it

unlawful to conduct or participate in an enterprise's affairs through a

pattern of racketeering activitiy. Because the different RICO statutes

require pleading different elements, to survive a dismissal motion it is

essential to plead precisely the enterprise alleged and the RICO section(s)

allegedly violated. This, HOLUBAR has failed to accomplish.

IV.

THE FIRST CAUSE OF ACTION IN THE
FIRST AMENDED COMPLAINT FAILS
TO PLEAD THE REQUIRED ELEMENTS
UNDER ANY FEDERAL LAW

If HOLUBAR claims that ALLEN violated 18 U.S.C. Section

1962(a) he fails to allege that he was injured because ALLEN invested

racketeering income in an enterprise and that HOLUBAR was damaged by

ALLEN'S use or investment of that income.

7

If HOLUBAR claims that ALLEN violated 18 U.S.C. Section 1962(b), he fails to allege that ALLEN injured them separate and apart from the injuries they suffered as a result of the predicate criminal acts of wire fraud and mail fraud. In 2004, this Court (McMahon, D.J.) held in United States Fire Insurance Company v. United Limousine Service, Inc., 303 F. Supp. 2d 432 (S.D.N.Y 2004) that the purpose of 18 U.S.C. Section 1962(b) is to prohibit the takeover of a legitimate business through racketeering, typically extortion or loan sharking. HOLUBAR fails to properly plead a violation of that statute, 18 U.S.C. Section 1962(b).

If HOLUBAR claims that ALLEN violated 18 U.S.C. 1962(c) he fails to allege that ALLEN conducted an enterprise through a pattern of racketeering activity. HOLUBAR fails to plead with particularity the individual patterns of racketeering of each defendant, TOM ALLEN and JOAN ALLEN; and HOLUBAR fails to plead that TOM ALLEN or JOAN ALLEN controlled an enterprise. This, HOLUBAR has failed to do.

V.

MERELY PLEADING THAT ALLEN ENGAGED
IN A PATTERN OF RACKETEERING ACTIVITY
IS INSUFFICIENT

In evaluating a RICO claim, the Court must review the allegations to see if they meet the statute's concern to protect legitimate business from infiltration by organized crime. As held by this Court in 2004 (McMahon,

8

D.J.) in Unites Sates Fire Insurance Company v. United Limousine Service, Inc., 303 F. Supp. 2d 432 (S.D.N.Y. 2004) the statute's severe penalties are limited to enterprises consisting of more than simple conspiracies to perpetrate the acts of racketeering. It was also held by this Court in 2005 (Brieant, D.J.) in Town of Poughkeepsie v. Espie, 402 F. Supp. 2d 443 (S.D.N.Y. 2005) that a "one-shot fraud" does not amount to a RICO violation. To properly plead a statutory violation, it must be alleged with respect to the pattern of racketeering activity that ALLEN'S criminal conduct extended over a substantial period of time [two (2) years or more] or threatens to continue into the future. Absent the proper pleading of this requirement of continuity, HOLOBAR'S pleading lacks a fundamental element of a substantive claim.

VI

THE FIRST CAUSE OF ACTION IN THE<br>FIRST AMENDED COMPLAINT FAILS TO<br>PLEAD A REQUIRED JURISDICTIONAL<br>ELEMENT BY ALLEGING ALLEN'S ACTIVITIES<br>AFFECT INTERSTATE OR FOREIGN COMMERCE

A review of the first seventy-five (75) paragraphs which make up the Federal claim in the first amended complaint alleging a RICO violation reflects that HOLUBAR has not alleged a required jurisdictional element by claiming ALLEN'S activities affect interstate or foreign commerce. While HOLUBAR pleads ALLEN'S use of the United States Postal Service

9

to mail a contract and other mailings and ALLEN'S use of the telephone (intrastate) to repeatedly falsely represent that his work would be timely completed and to request payments, these allegations are insufficient and do not allege the jurisdictional element that ALLEN'S activities affect interstate or foreign commerce. HOLUBAR'S pleading fails to meet the rigorous pleading requirements of Federal Rules of Civil Procedure 9(b) because HOLUBAR must provide evidence of the contents, time, place and speaker of each alleged mailing. Bologna v. Allstate Insurance Company, 138 F. Supp. 2d 310 (E.D.N.Y. 2001).

In order to properly plead a RICO cause of action, HOLUBAR is required to plead that ALLEN directly or indirectly invests in or maintains an interest in or participates in an enterprise, the activities of which affect interstate or foreign commerce. While the effect on interstate or foreign commerce may be slight, HOLUBAR alleges nothing.

HOLUBAR does not become entitled to the civil remedies of treble damages until HOLUBAR alleges with specificity the section(s) of statute that ALLEN violated, the enterprise created, and its activities which affect interstate or foreign commerce.

VII.

THE FACTUAL ALLEGATIONS IN THE FIRST CAUSE
OF ACTION IN THE FIRST AMENDED COMPLAINT
DO NOT MAKE OUT A FEDERAL CLAIM

10

Accepting as true every factual claim made by HOLUBAR in the first cause of action in the first amended complaint dated September 5, 2007, from paragraph 1 through paragraph 75, it is clear that HOLUBAR is not entitled to the enhanced RICO sanctions because that statute was enacted to deal with the unlawful activities of those engaged in organized crime.

All of HOLUBAR'S allegations, accepted as true, fail to sustain the burden of pleading that ALLEN created or participated in an enterprise, the activities of which affect interstate or foreign commerce; and HOLUBAR is not entitled to the statute's remedies of treble damages.

In summary, HOLUBAR fails to plead that ALLEN engaged in criminal activity to produce profits which are considered "ill gotten" gains which has affected interstate or foreign commerce. As held by this Court in 1983 (Sweet, D.J.) in Gitterman v. Vitoulis, 579 F. Supp. 423 (S.D.N.Y. 1983) if HOLUBAR can be adequately compensated under New York State law for any losses suffered and if the pleading lacks the requisite jurisdictional element alleging the activities affect interstate or foreign commerce, then ALLEN is entitled to dismissal of the first cause of action in the first amended complaint at the pleading stage; and the remaining nine (9) causes of action under New York State law should also be

dismissed in the discretion of this Court pursuant to 28 U.S.C. Section 1367(c)(3).

VIII

THE STANDARD OF REVIEW

Whether this Court tests the pleading to determine if HOLUBAR can prove any set of facts to support the claim, or whether this Court tests the pleading to determine whether it crosses the line from conceivable to plausible (Bell Atlantic Corporation v. Twombly, __US__, 127 S.Ct. (1955), under either standard ALLEN is entitled to dismissal of the first cause of action in the first amended complaint dated September 5, 2007, because even if all of the allegations are accepted as true, HOLUBAR is not entitled to relief under RICO. HOLUBAR does not properly plead a RICO cause of action because to survive dismissal, the claim must be anchored in a bed of facts not allowed to float freely on a sea of bombast, to prevent abusive treatment.  Miranda v. Ponce Federal Bank, 948 F. 2d 41 (1st Cir. 1991), citing Dartmouth Review v. Dartmouth College, 889 F. 2d. 13 (1st Cir. 1989).

Due to the stigmatizing effect of a RICO claim, HOLUBAR was required to plead the existence of an ongoing organization, a racketeeing enterprise posing a threat of continued criminal activity.  HOLUBAR was required to plead that ALLEN, through the commission of two (2) or more

12

predicate criminal acts, directly or indirectly invested in, maintained an

interest in, or participated in an enterprise, the activities of which affect

interstate or foreign commerce. Jones v. National Communication and

Surveillance Networks, 409 F. Supp. 2d 456 (S.D.N.Y. 2006).

ALLEN is entitled to dismissal of the first cause of action in the

first amended complaint dated September 5, 2007, pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6) because this Court lacks subject

matter jurisdiction over HOLUBAR'S claim and because HOLUBAR fails

to state a claim upon which relief can be granted.

IX

CONCLUSION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), the

first cause of action in the first amended complaint dated September 5,

2007, should be dismissed because this Court lacks jurisdiction over the

subject matter and the pleading fails to state a claim upon which relief can

be granted.  Without the umbrella of a Federal question, then in the

discretion of this Court, the remaining nine (9) causes of action under New

York State law should be dismissed.

13

Dated:  September 24, 2007

JOHN H. HERSH
(JHH-1548)

JOHN H. HERSH
Attorney for Defendants
TOM ALLEN and JOAN ALLEN
First Federal Building
Peekskill, New York 10566
(914) 739-4200

TO:  BJORN J. HOLUBAR
     Attorney for Plaintiffs
     MICHELLE HOLUBAR and
     BJORN J. HOLUBAR
     575 Madison Avenue, 10th Floor
     New York, New York 10022
     (646) 334-8312

14

Bjorn J. Holubar (BH-9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                           :

MICHELLE HOLUBAR, and
BJORN J. HOLUBAR,                              :

                            Plaintiffs,   :

       v.                           :     2007 CV 7185
                                  :     (S. Robinson/M. Fox)
TOM ALLEN, aka                         :
TOMMY ALLEN, aka                   :
THOMAS ALLEN, dba                 :
TOM ALLEN EXCAVATING, and       :
JOAN ALLEN,                          :

                           Defendants.  :

-------------------------------------------------------------X

## 1st AMENDED VERIFIED COMPLAINT & JURY DEMAND

### Preliminary Statement

Plaintiffs, Michelle Thorpe Holubar and Bjorn J. Holubar bring this action to remedy a pattern of behavior and/or conduct by Defendant, specifically including Civil RICO – mail & wire fraud; breach of contract law, violations of New York's Lien Law § 79-a & GBL § 771; conversion; fraud and unjust enrichment.

## Jurisdiction & Venue

1.      This action arises under the 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1961-1968 *et seq.*

2.      This Court has jurisdiction of this action under 28 U.S.C. § 1331.

3.      The Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a) over any and all state law claims and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case and controversy.

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) *et seq.*

## Parties

5.      Plaintiffs, Michelle Thorpe Holubar & Bjorn J. Holubar ("Holubars"), are citizens of the United States, with a place of residence in Putnam County, State of New York.

6.      Defendant Tom Allen aka Tommy Allen aka Thomas Allan, all dba Tom Allen Excavating, is a citizen of the United States, and was at all times relevant herein a resident of the Town of Philipstown, County of Putnam, State of New York.

7.      Defendant Joan Allen, upon information and belief is an owner, principle or investor in Tom Allen Excavating, infusing capital into the business and/or receiving compensation therefrom and dba Tom Allen Excavating.

8.      Defendants collectively are referred to as "Allen".

2

## Facts

9.     Tom Allen solicited a project from the Holubars.

10.    The project consisted of the excavation and creation of a private driveway.

11.    In furtherance of this solicitation, Allen represented that he has excavated and constructed such driveways in the past.

12.    In or about November 2006 Allen mailed a copy of the proposed contract to the Holubars.

13.    Thereafter, based on the mailed contract and the handwritten notation thereupon, Allen entered into contractual relations with the Holubars for construction of a private driveway ("Project") in the town of Philipstown, County of Putnam, State of New York.

14.    Allen requested a deposit before doing work.

15.    In January 2007, a deposit of $20,160 was remitted to Tom Allen by the Holubars.

16.    Allen represented the driveway would be completed by March 1, 2007.

17.    This representation was later found to be false.

18.    In or about February 2007 Tom Allen represented via telephone to the Holubars and others that several stages as set forth in his contract concerning the project were nearing completion.

19.    On or about February 16, 2007, Tom Allen represented via telephone to Fishkill Town Judge Frank Cross, Esq., Philipstown Town Judge Steve Tomann, Esq.

Michael Colamarino, Judy Colamarino and the plaintiffs that the project would be completed or at least the driveway passable by March 1, 2007.

20.    The Holubars, Colamarinos and their attorneys relied on the representations of Allen and concluded a real estate transaction.

20a.    Said transaction that would not have been consummated but for the misrepresentations of Allen.

21.    In reliance upon the telephonic representations of Allen, believed to be true, Allen was issued payment in the amount of $30,000 at this time (later to be found to be an advance).

22.    On March 1, 2007, the Project was neither passable or completed as previously promised by Allen.

23.    Allen was requested to remedy and cure the breach.

24.    On April 1, 2007, the Project was neither passable or completed.

25.    Allen was requested to remedy and cure the breach.

26.    In April Allen undertook home improvements not set forth in the contract between the parties.

26a.    Such undertakings were not reduced to writing by Allen.

26b.    Such undertakings consisted of the construction of an approximately 200 foot long 2-6 foot high stone retaining wall, back filling the wall with dirt and top soil, grading and York raking the same for grass seeding.

26bi.    Allen failed to fully construct the wall.

26bii.    Allen failed to fully backfill the wall.

4

26c.    In furtherance of the construction of the stone wall Allen was to transfer stones and rocks from an adjoining parcel of land.

26ci.    Allen failed to transfer rocks from the adjoining parcel of land in a timely manner, whereby the adjoining landowner reconsidered and elected to keep such stones and rocks requiring the purchase of stones and rocks.

26d.    Allen was paid for such services yet failed to complete any element of the above.[1]

27.    On May 1, 2007, the Project was neither passable nor complete.

28.    Allen was requested to remedy and cure the breach.

29.    Allen represented that the driveway would be completed by the June 6 NYS DOT permit expiration date.

30.    On June 1, 2007, the Project was neither passable or completed.

31.    On June 6, 2007 the Project was neither passable or completed.

32.    Allen refused to work further on the Project stating he "underbid" the Project and that it required more money.

32a.    Allen refused to work further on the Project stating that he "was not properly equipped with manpower or equipment" to complete the Project.

33.    Allen was again put on notice of his breach.

34.    It was then discovered that without authority or consent, Tom Allen removed natural resources from the Holubars' property.

_____

[1] Allen was paid close to $8,000 on "non contract" "home improvements" and then when the Holubars were placed on notice of Allen's breach of contract and refusal to cure the same in June the last payment of $1,700 was stopped, notwithstanding Allen's refusal to even complete the "wall project".

5

35.    Real property sales have been lost on account of the project being incomplete and in-passable.

36.    In an attempt to again mitigate Allen's breached bids from potential replacement excavators who were solicited.

37.    A replacement contractor has been retained in excess of the contract price agreed to by Allen.

38.    It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with the engineer's plans, *e.g.* and not limited to the principle driveway is off center by close to 20 feet, therein encroaching another northerly located parcel of property.

39.    It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with the engineer's plans, *e.g.* and not limited to the driveway's elevation was "well above the designated grade", requiring further topographic analysis and excavation.

40.    It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with New York States DEC requirements, *e.g. and not limited to* water control.

41.    It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in

6

compliance with New York States DEC requirements, *e.g.* and not limited to erosion control.

42.    It was later discovered and confirmed that Allen failed to effect/was negligent in effecting what minimal work he did complete because as he was not in compliance with pre work elements, *e.g.* confirmation of the non existence of underground electrical and utilities on the Project.

43.    It was later discovered and confirmed that Allen fraudulently induced the Holubars' contractual entrance as Allen had never before effected a driveway of this design or size.

44.    Additional actions have been undertaken in an attempt to further mitigate and/or address the damages caused by Allen, e.g. tree clearing, stumps removed, raw and construction materials purchased, demands for refund of the deposit were made, demands for refund of moneys paid pursuant to the contract for services not rendered/completed/or negligently performed, and property lot lines must now be re surveyed, adjusted, priced and marketed accordingly.

45.    The above actions, misrepresentations and omissions of Allen have all required expenditure of time, resources and monetary resources above and beyond the contract price in Allen's contract.

7

## Causes of Action

## 1st CAUSE OF ACTION
### 18 U.S.C. § 1961-1968 *et seq* / 18 U.S.C. § 1341 / 18 U.S.C. § 1343

46.    The Holubars incorporate by reference the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47    Beginning no later than November 2006 through and until June 2007 the defendants engaged in and devised a fraudulent scheme to secure and defraud the Holubars of monetary resources and abscond with the Holubars' natural resources.

48.    In furtherance of this fraudulent scheme the defendants and others engaged in the following pattern of racketeering activity:

### Mail Fraud

49.    Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above and not limited thereto concerning the time of completion of the Project with the sole intent to defraud plaintiffs and others out of monetary proceeds.

50.    Defendants engaged in a pattern of fraudulently knowingly concealed the truth about what happened and matter's status to effect payment.

51.    Defendants intended by their action and testimony to defraud the Plaintiffs, others similarly situated, and thus illegally profited from such fraudulent representations.

52.    In the course of executing the fraudulent scheme to defraud Plaintiffs defendants repeatedly effected communication of contracts and materials through the United States Postal Service to and from this district in violation of 18 U.S.C. § 1341 (mail fraud).

8

Wire Fraud

53.    Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above and not limited thereto concerning the time of completion of the Project with the sole intent to defraud plaintiffs and others out of monetary proceeds.

54.    Defendants engaged in a pattern of fraudulently concealing the truth about what happened and matter's status to effect payment.

55.    Defendants intended by their action and testimony to defraud the Plaintiffs, others similarly situated, and thus illegally profited from such fraudulent representations.

56.    In the course of executing the fraudulent scheme to defraud the Holubars defendants repeatedly effected and made telephone call using interstate wire facilities to and from this district in violation of 18 U.S.C. § 1343 (wire fraud).

57.    *To wit* and not limited to the occasion referenced: on or about February 16, 2007, defendants represented *via* telephone to Fishkill Town Judge Frank Cross, Esq., Philipstown Town Judge Steve Tomann, Esq. Michael Colamarino, Judy Colamarino and the plaintiffs that the project would be completed or at least the driveway passable by March 1, 2007.

Scheme To Defraud

58.    Defendants did numerously proffer material false representations.

59.    That the defendant knew or believed to be false

60.    Defendants did numerously omit material facts.

9

61.    Defendant made the material misrepresentation or omission with the intent to induce the Holubars to rely and remit payments otherwise not due for goods (never purchased), services (never rendered) and simply the theft of natural resources.

62.    The Holubars relied on the misrepresentation and omissions of defendants.

63.    The Holubars have been injured as a result of such reliance.

Promissory Fraud

64.    Defendants did numerously proffer material false representations of future performance that the defendant knew or believed to be false.

65.    Defendants knowingly promised future performance knowing that defendants did not have the proper equipment to effect the services contracted for.

66.    Defendants knowingly promised future performance knowing that defendants did not have the proper man power to effect the services contracted for.

67.    Defendants had no intention of ever performing the future act, and proffered such false promise as the scheme and manner to accomplish an independent fraudulent schemes, *e.g.* payment of the project and the home improvement "wall construction".

68.    Defendant made the material misrepresentation or omission with the intent to induce the Holubars to rely and remit payments otherwise not due for goods (never purchased), services (never rendered) and simply the theft of natural resources.

69.    The Holubars relied on the misrepresentation and omissions of defendants.

70.    The Holubars have been injured as a result of such reliance.

71.    Each of the aforesaid violations by the defendants constitutes an instance of "racketeering activity".

72.  The multiple acts of racketeering activity by the defendants and others were interrelated, part of a common and continuous pattern of fraudulent schemes to defraud and were perpetrated for the same or similar purpose, thus constituting a "pattern of racketeering activity".

73.  As a direct and proximate result of the defendants' fraudulent conduct and schemes by engaging in a pattern of racketeering activity, the Holubars suffered and suffer economic loss.

74.  The Holubars have and continues to be injured by defendants' conduct, actions and omissions.

75.  Such injuries will continue until remedies are redressed by this Court.

## 2nd CAUSE OF ACTION
### New York -- Breach of Contracts

76.  The Holubars reallege paragraphs 1 through 75 as if fully stated herein.

77.  Defendants voluntarily entered into contractual relations with Plaintiffs.

78.  The Holubars had an express written contract providing for services to be rendered, compensation and terms of payment.

79.  Defendants breached that express written contract failing to perform services due, refusing to perform service paid for and refusing future performance.

80.  Defendants profited from such actions and omissions.

81.  Defendants have failed to perform in accordance with the terms of their contract.

82   Defendants are in breach of contract.

83.  The Holubars are and will continue to be injured as a result of Defendants' actions and omissions.

11

84. The Holubars' injury will continue until remedy by this Court.

### 3rd CAUSE OF ACTION
### New York – Violation of Lien Law § 79-a

85. The Holubars reallege paragraphs 1 through 84 as if fully stated herein.

86. Defendants voluntarily entered into contractual relations with Plaintiff.

87. Defendants requested, in writing by USPO, a deposit of $20,160 before commencement of work.

88. Defendants were paid a deposit by the Holubars $20,160.

89. Pursuant to New York State Law, Lien Law § 79-a such advance deposit payments were and are to be held in trust until the contracted for projects completion.

90. Defendants spend such trust deposits on personal expenditures.

91. Defendants are in violation of Lien Law 79-a.

92. Demand for the deposits return have been made by the Holubars.

93. Defendants represented that the Holubars' deposit held in trust by defendants has been expended.

94. Defendants are in violation of Lien Law 79-a.

95. The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

96. The Holubars' injury will continue until remedy by this Court.

### 4th CAUSE OF ACTION
### New York - Conversion

97. The Holubars incorporate by reference the allegations set forth in Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants converted proceeds held in trust by them for personal gain

12

without right or authority from the Holubars.

99.    Defendants failed to return the above proceeds after demand.

100.    The Holubars have and continue to be injured by defendants' conduct,
actions and omissions.

101.    Such injuries will continue until remedies are redressed by this Court.

## 5th CAUSE OF ACTION
### New York – Theft/Conversion

102.    The Holubars incorporate by reference the allegations set forth in
Paragraphs 1 through 101 as if fully set forth herein.

103.    Defendants removed natural resources from the Holubars property
without authority or consent.

104.    Defendants failed to return the above resources.

106.    Defendants failed to compensate the Holubars for said natural resources.

107.    Defendants converted the Holubars' natural resources to personal use.

108.    The Holubars have and continue to be injured by Defendants' conduct,
actions and omissions.

109.    Such injuries will continue until remedies are redressed by this Court.

## 5th CAUSE OF ACTION
### New York - Violation of General Business Law § 771

110.    The Holubars incorporate by reference the allegations set forth in
paragraphs 1 through 109 as if fully set forth herein.

111.    Under the provisions of § 771 of the General Business Law of the State of
New York, every home improvement contract must contain certain information and be in
writing.

13

112.    Defendants failed to provide an appropriate contract for the Project and the contract for work, labor and services done at the Holubars home omitting information such as the approximate dates or estimated dates when the work would begin or and be substantially complete and describing specifically the work to be performed, materials to be provided, and agreed upon consideration.

113.    The Holubars therefore respectfully request that the Court impose a civil penalty in the amount of $100.00 against the defendants, severably, pursuant to § 773 Subsection 1 of the General Business Law.

114.    The Holubars further seek penalties against the defendants severably pursuant to § 772 Subsection 1 of the General Business Law in the amount of $500.00 as a civil penalty, plus reasonable attorneys fees, based upon omissive, false or fraudulent written representations provided by the defendants to the Holubars.

115.    The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

116.    The Holubars' injury will continue until remedy by this Court.

## 6th CAUSE OF ACTION
### New York - Violation of General Business Law § 771

117.    The Holubars incorporate by reference the allegations set forth in paragraphs 1 through 116 as if fully set forth herein.

118.    Under the provisions of § 771 of the General Business Law of the State of New York, every home improvement contract must contain certain information and be in writing.

119.    Defendants failed to provide any contract for the "wall construction" as detailed in paragraphs 26 et seq detailing the contract for work, labor and services done at

14

the Holubars home omitting information such as the approximate dates or estimated dates when the work would begin or and be substantially complete and describing specifically the work to be performed, materials to be provided, and agreed upon consideration.

120.    The Holubars therefore respectfully request that the Court impose a civil penalty in the amount of $100.00 against the defendants, severably, pursuant to § 773 Subsection 1 of the General Business Law.

121.    The Holubars further seek penalties against the defendants severably pursuant to § 772 Subsection 1 of the General Business Law in the amount of $500.00 as a civil penalty, plus reasonable attorneys fees, based upon omissive, false or fraudulent written representations provided by the defendants to the Holubars.

122.    The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

123.    The Holubars' injury will continue until remedy by this Court.

### 7th CAUSES OF ACTION
New York – Negligence, multiple counts

124.    The Holubars repeat and reallege the allegations contained in paragraphs 1 through 123 as if fully set forth herein.

125.    Defendants owed the Holubars the duties to perform and execute their obligations to the Holubars as contractually provided.

126.    Defendants breached their duties to the Holubars were negligent in the performance of their duties see paragraphs 38-42 and not limited thereto.

127.    As a result of defendants' breaches of their duties, the Holubars are and continue to be damaged and materially and irreparably injured.

15

128.    Defendants' actions were without concern of defendants' obligations and responsibilities to the Holubars.

129.    The Holubars are and continue to be injured as a result of defendants' actions and omissions.

130.    The Holubars' injury will continue until remedy by this Court.

## 8th CAUSE OF ACTION
### New York – Fraud

131.    The Holubars incorporates by reference the allegations set forth in paragraphs 1 through 130 as if fully set forth herein.

132.    Defendants did knowingly, willfully and intentionally fail to disclose the truth as set forth above.

133.    Defendants engaged in a pattern of fraudulently concealing the truth about what happened and the intention of performance for procurement of funds not otherwise attainable or due.

134.    Defendants intended by their action, conduct and testimony to defraud the Holubars and thus illegally profited from such fraudulent representations.

135.    Defendants intentionally made untrue representation about the ability to complete the Project.

136.    Defendants intentionally made untrue representation about the status of the Project.

137.    The untrue representation were believed by the Holubars and relied upon.

138    That as a direct and proximate result of defendants' fraudulent concealment and conduct, Plaintiffs have been injured both money and property.

16

139.    The Holubars have and continue to be injured by defendants' conduct, actions and omissions.

140.    Such injuries will continue until remedies are redressed by this Court.

**9th CAUSE OF ACTION**
New York -- Unjust Enrichment

141.    The Holubars repeat each and every allegation as set forth above, *et seq.*

142.    Defendant has been unjustly enriched through the receipt of payment without rendering any consideration therefore.

143.    Defendants' actions are at the sole expense of the Holubars.

144.    The Holubars are and will continue to be injured as a result of defendants' actions and omissions.

145.    The Holubars' injury will continue until remedy by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, pray this Court render judgment on all causes of action against defendants jointly and severably and award Plaintiffs:

A.    an amount to be determined, but believed in excess of $450,000.00;

B.    an amount as provided for by 18 U.S.C. § 1961-1968 *et seq.*, trebled;

C.    amounts provided for by New York General Business Law § 771

D.    amounts provided for by New York Lien Law § 79-a;

E.    their reasonable costs and attorney fees, and

E.    directing such other and further relief as the Court may deem just and proper and or awardable.

17

## JURY TRIAL DEMANDED

In accordance with the provisions of the Fed.R.Civ.Pro., Plaintiffs hereby demand a trial by jury of all issues so triable.

### VERIFICATIONS

Michelle Thorpe Holubar

Before me, the undersigned authority, duly authorized to accept acknowledgments and oaths, personally appeared Michelle Thorpe Holubar who after being sworn, deposes and says that she has read the foregoing Verified Complaint affirms under penalty of perjury that the same is true and accurate except for those statements made under information and belief.

NOTARY:

Dated: September 5, 2007
New York, New York

Respectfully submitted,

Bjorn J. Holubar (BH 9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net

18

MICHELLE HOLUBAR and BJORN J. HOLUBAR,

                                    Plaintiffs,

        - against -

TOM ALLEN, a/k/a TOMMY ALLEN, a/k/a THOMAS ALLEN,
d/b/a TOM ALLEN EXCAVATING and JOAN ALLEN,

                                    Defendants.

## NOTICE OF MOTION, AFFIDAVIT AND MEMORANDUM OF LAW

### JOHN H. HERSH

*Attorney for*   Defendants TOM ALLEN and JOAN ALLEN

FIRST FEDERAL BUILDING
PEEKSKILL, NEW YORK 10566
(914) 739-4200

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*..............................        Signature........................................................................................................

                                             Print Signer's Name...................................................................................................

*Service of a copy of the within*                                                        *is hereby admitted.*

*Dated:*

                                    ................................................................................................
                                             *Attorney(s) for*

## PLEASE TAKE NOTICE

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                                    *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                      *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                        *20*        *, at*            *M.*

*Dated:*

                                                                            **JOHN H. HERSH**
                    *Attorney for*

                                                                    FIRST FEDERAL BUILDING
                                                                    PEEKSKILL, NEW YORK 10566
*To:*

*Attorney(s) for*