ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HOLUBAR, et al
                        Plaintiff(s) ,                    :        ORDER

          -against-                                               07 Civ.7185(SCR) (MDF)

ALLEN, et al
                        Defendant(s ).

------------------------------------------------------------x

OCT 1 5 2007

        In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy and

inexpensive manner, to insure compliance with the case management plan, and to prevent the

accumulation of unresolved discovery issues, the following procedures will be followed for the

resolution of discovery disputes:

        The party objecting to disclosure, claiming an insufficient response to a discovery request, or

asserting a privilege, bears the burden of coming forward by bringing the dispute to the attention of

the court as hereinafter set forth.

        The objecting party has 3  business days from the date the dispute arises to attempt an

amicable resolution of the dispute.  If for any reason the dispute is not affirmatively resolved within 2

business days, the objecting party then has 5 business days to bring the issue to the attention of the

court by a letter brief limited to two (2) double spaced pages.  Opposing parties have 5 business days

thereafter to submit a two (2) page double spaced answering letter brief.  If appropriate, counsel may

annex to the letter briefs relevant portions (only) of relevant documents.  Written replies will not be

accepted.  If the court deems it necessary, the parties will have an opportunity to make oral replies to

points made in the letter briefs, although the court may decide the matters on the papers, without any

1

Copies mailed / handed / faxed to counsel 10 / 15 / 07

appearance by counsel, if appropriate.

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If, for any reason, the dispute regarding the assertion of privilege is not affirmatively resolved, with written confirmation, within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages, accompanied by a privilege log in full compliance with Local Rule 26.2, and an *in camera* submission of legible copies of any material to which the privilege is asserted. If privilege is asserted only to a portion of a document, the *in camera* submission of such document shall be highlighted to clearly identify the portion(s) of the document to which the privilege claim is addressed. The privilege log shall be accompanied by a written certification of counsel that the documents listed on the privilege log have been personally reviewed by counsel and contain only privileged material. A copy of the letter brief and the privilege log shall be served on the adversary. If disclosure of the privilege log would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering two (2) page double spaced letter brief, setting forth with specificity the items on the privilege log which are disputed. Failure to provide such an answering letter brief will constitute a waiver of any objection to the claim of privilege. No written replies will be accepted from the party asserting the privilege. If the court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs, although the court may decide the matter on the papers, without any

appearance by counsel, if appropriate.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

Any failure to comply with the terms of this Order by not filing objections to discovery, or assertions of privilege, in accordance with the time constraints, and in the form required by this Order, may result in waiver of legal rights and privileges. The time limitations set forth herein and in scheduling orders made by the court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the court.

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the day of the ruling, order a transcript of the record setting forth the ruling. The transcript shall be ordered on a two (2) day expedited basis. The party shall then have ten (10) days from the date of the receipt of the record to file the objections with the assigned District Judge. A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30 (d) regarding the conduct of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for a ruling.

**SO ORDERED**

White Plains, New York
October 15, 2007

Mark D. Fox
United States Magistrate Judge
Southern District of New York