# BJORN J. HOLUBAR, Esq.
Attorneys & Counselors at Law

November 9, 2007

Honorable Mark D. Fox, USMJ
United States District Court
Southern District of New York
300 Quarropas Street, Room 633
White Plains, New York 10601

*Re*: Holubar *et. al* v. Allen *et. al*
07 CV 7184 (Robinson/Fox)

Dear Honorable Judge Fox:

    This letter respectfully serves as Plaintiffs' reply to defendants' reply/opposition to Plaintiffs' opposition/cross-motion (to amend) to defendants' motion to dismiss.

    Defendants' reply/opposition sets forth four (4) issues requiring commentary: three (3) "new", untimely issues ("corporate status", "Joan Allen", and a stop payment check[1] – all fully known by defendants at the time of their motion's filing); and one (1) issue of "open ended continuity" responsive to the cross motion. The remainder of the defendants' fifteen (15) page reply equates an untimely attempt to overcome the principle brief's fatal deficiencies[2].

    Corporate Status – it's an axiom of corporate law: incorporators/promoters of an entity are charged with the entities' liabilities until such time as the formation process is complete. *Clinton Investors Co., v. Watkins, et al*., 146 A.D.2nd 861 (3rd Dept. 1989); see also, *Uniform Limited Liability Company Act (1996)*. Herein, the LLC was never formed by Plaintiffs such that contractual obligations flow to Plaintiffs personally. Further, defendants were told the LLC was not formed and thereafter accepted payments directly from Plaintiffs, effecting contractual reformation as to both parties. Defendants' veiled inquiry is untimely and factually flawed.

    Joan Allen – allegations directed to Ms. Allen were provided in the initial and 1st Amended Complaints; for defendants to now raise this issue in a reply, is improper. However, legally, defendants do not refute Ms. Allen's involvement in the underlying enterprise, but rather belatedly question her "contact" with Plaintiffs – which is not a required element of a RICO complaint. Factually, the defendants provide no proofs to support any position that Ms. Allen: 1) was not involved in the enterprise, 2) did not benefit from, or 3) was involved in the complained of transactions. Defendants' do not even attempt to provide sworn testimony from anyone knowledgeable of the facts. Allegations pertaining to Ms. Allen were sufficiently plead in Plaintiffs' Complaints and viewed in a light most favorable to Plaintiffs. Defendants' untimely challenge must fail.

---

[1] The "check" issue is a herring, not even remotely germane to a motion to dismiss. Yet, demonstrative of defendants' ongoing fraud, they were told not to deposit the check and Plaintiffs stopped payment. At this juncture, with yet another overt attempt in a long series of frauds, relations with defendants were ended.

[2] Neither of defendants' briefs, both 10+ pages, adheres to this Court's rules.

Open Ended Continuity – defendants' refuse to acknowledge controlling precedent, but attack Plaintiffs with *dicta*, and neglect the facts. Contrary to defendants' posture is the seminal Supreme Court holding in *H.J., Inc. v. Northwestern Bell Telephone Co.*, 109 S.Ct. 2893 (1989). In *H.J. Inc.,* the High Court ruled that to demonstrate an enterprise's open-end continuity, there only needs to be shown, that but for termination of relations, "that there was a threat of continuing criminal activity extending indefinitely into the future". *Id.* Further, the key consideration in this Circuit as to the question of open ended continuity is the nature of the enterprise, and if engaged in "legitimate" business, allegation of open ended continuity requires evidence supporting an <u>inference that the predicate acts are the regular way of doing business, or that the nature of the predicate acts themselves implies a threat of continuing criminal activity</u>. (emphasis added) *Id.*, <u>see also</u> *GICC Capital Corp*., 67 F.3d at 466; *Allen v. New World Coffee, Inc*., 2001 WL 293683 (SDNY 2001); *Jordan (Bermuda) Investment Co., Ltd. v. Hunter Green Investments Ltd*., 154 F.Supp.2d 682 (SDNY 2001).

Plaintiffs met and exceeded these controlling benchmarks in the 1st Amended Complaint and in the 2nd Amended Complaint. Herein, defendants' fraudulently induced a slow bleeding of Plaintiffs' liquid assets and theft of raw materials that admittedly occurred for at least eight (8) months. During this time frame only 15% of the initial "road" project was completed, a rate that extrapolates into 48 months for the initial project alone[3]. Thus, defendants' fraud, theft, and *method operandi* would have continued well into the indefinite future.

But defendants' scheme was not limited in duration or isolated to a singular "instance". Rather, defendants' scheme encompassed a series of no less than five (5) related but separate and distinct actions and contracts all stemming from USPS mailings that were maintained. These schemes were further advanced and continued through use of interstate wire communications, *i.e.* cell phones in January 2007 between FL-NY; NY-FL; NC-FL; SC-FL, and through fax and email. Therein, but for termination, defendants' predicate acts and criminal activity would have extended indefinitely into the future. Plaintiffs satisfied Supreme Court and 2nd Circuit controlling precedent concerning the "open-ended continuity" of defendants' enterprise

Wherefore, it is respectfully submitted that defendants' motion must fail.

Respectfully submitted,

Bjorn J. Holubar /s/

Bjorn J. Holubar, Esq. (BH-9691)
575 Madison Avenue, 10th Fl
New York, New York 10022
1-516-446-1546 (direct dial)
1-646-417-6017 (direct fax)

c.   John H. Hersh, Esq.
    Christopher B. Turcotte, Esq.

---

[3] Due to defendants' fraudulent representations, their rate of progress, compensation paid well in excess of services actually rendered, and defendants' continually requested deposits for the remaining three (3) house contracts.