UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

         Plaintiffs,     AFFIDAVIT OF SERVICE
                 2007 Civ. 7185
   - against -

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a
TOM ALLEN EXCAVATING and
JOAN ALLEN,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK   )
           ) SS.:
COUNTY OF WESTCHESTER )

   JOHN H. HERSH, being sworn says:  I am not a party to the action,
am over 18 years of age and reside at Peekskill, New York 10566.

   On November 5, 2007, I served a true copy of the annexed reply
affidavit and reply memorandum of law in the following manner:

   by mailing the same in a sealed envelope, overnight mail, with
postage prepaid thereon, by Federal Express, within the State of New York,
addressed to the last known address of the addressee(s) as indicated below:

Bjorn J. Holubar, Esq.
575 Madison Avenue, 10th Floor
New York, New York 10022.

----------------------------------------
JOHN H. HERSH

Sworn to before me this

5th day of November 2007.

----------------------------------------
Notary Public

PHILIP HERSH
Notary Public, State of New York
No. 02HE4620671
Qualified in Westchester County
Commission Expires August 31, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                        Plaintiffs,              REPLY AFFIDAVIT
                                                 2007 Civ. 7185
        - against -

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a TOM ALLEN
EXCAVATING and JOAN ALLEN,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF WESTCHESTER )

        JOHN H. HERSH, being duly sworn, deposes and says:

        1. That your deponent is the attorney for the defendants, TOM

ALLEN and JOAN ALLEN (hereinafter "ALLEN") in the above entitled

action and your deponent makes this affidavit in reply to the memorandum

of law of the plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR,

(hreinafter "HOLUBAR") dated October 29, 2007, and in further support

of ALLEN's application dated September 24, 2007, for an order pursuant to

Federal Rules of Civil Procedure 12(b)(1) and (6) dismissing HOLUBAR'S

first amended complaint dated September 5, 2007, upon the grounds that

1

this Court lacks jurisdiction over the subject matter and the first amended complaint fails to state a claim upon which relief can be granted.

2. That pursuant to 28 U.S.C. Section 1367(c)(3) after dismissing all claims over which this Court has original jurisdiction, this Court should, in its discretion, then dismiss the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action brought pursuant to New York State law.

3. That HOLUBAR'S request dated October 29, 2007, for an order pursuant to Federal Rules of Civil Procedure 15(a) for leave to serve their proposed second amended complaint dated October 29, 2007, should in all respects be denied as it also fails to state a claim upon which relief can be granted.

4. That as more fully discussed in the accompanying reply memorandum of law dated November 5, 2007, the first cause of action both in the first amended complaint dated September 5, 2007, and in the proposed second amended complaint dated October 29, 2007, fails to state a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter RICO).

5. Reviewing the road contract now submitted by HOLUBAR dated November 27, 2006, between nonparty Hudson Way, LLC, Route 301 and Hudson Way, Cold Spring, New York 10516, and the defendant, TOM

2

ALLEN, raises the issue whether the individual plaintiffs, MICHELLE
HOLUBAR and BJORN J. HOLUBAR, have standing to bring this lawsuit.
Reviewing the memorandum of law dated October 29, 2007, proves that
they are unable to plead a RICO claim because jurisdictional elements are
lacking. HOLUBAR cannot establish an enterprise, predicate criminal acts
nor the requisite continuity to support their claim. Other than conclusions
and generalities there are no facts to support a RICO claim.

6. That even assuming as true all of the factual allegations contained
in the first cause of action in the first amended complaint dated September
5, 2007, and all of the factual allegations contained in the first cause of
action in the proposed second amended complaint dated October 29, 2007,
ALLEN is entitled to dismissal of the first cause of action in the first
amended complaint dated September 5, 2007, pursuant to Federal Rules of
Civil Procedure 12(b)(1) and (6); and the remaining nine (9) causes of
action under New York State law should also be dismissed in the
discretion of this Court pursuant to 28 U.S.C. Section 1367(c)(3) as they
fail without the umbrella of the Federal question.

7. That for the reasons set forth in the accompanying reply
memorandum of law dated November 5, 2007, ALLEN is entitled to
dismissal of the first cause of action in the first amended complaint dated

3

September 5, 2007, pursuant to Federal Rules of Civil Procedure 12(b)(1)
and (6).

    8. Lastly, HOLUBAR, should be denied leave to serve the proposed
second amended complaint dated October 29, 2007, pursuant to Federal
Rules of Civil Procedure 15(a) because it lacks merit.

    WHEREFORE, your deponent prays for an order granting this
application.

                                                            JOHN H. HERSH

Sworn to before me this
5th day of November 2007.

--------------------------------
       Notary Public

PHILIP HERSH
Notary Public, State of New York
No. 02HE4620671
Qualified in Westchester County
Commission Expires August 31, 2009

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                         Plaintiffs,                2007 Civ. 7185

     - against -

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a TOM ALLEN
EXCAVATING and JOAN ALLEN,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## DEFENDANTS' REPLY MEMORANDUM OF LAW


                                JOHN H. HERSH
                                Attorney for Defendants
                                TOM ALLEN and JOAN ALLEN
                                First Federal Building
                                Peekskill, New York 10566
                                914-739-4200

I.

INTRODUCTION

The defendants, TOM ALLEN and JOAN ALLEN (hereinafter "ALLEN") moved on September 24, 2007, for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), dismissing the first amended complaint of the plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR (hereinafter "HOLUBAR") dated September 5, 2007, upon the grounds that this Court lacks jurisdiction over the subject matter and the first amended complaint fails to state a claim upon which relief can be granted.

Additionally, ALLEN sought an order pursuant to 28 U.S.C. Section 1367(c)(3) after dismissing all claims over which this Court has original jurisdiction, in its discretion, then dismissing the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action brought pursuant to New York State law as they fail without the umbrella of the Federal question.

HOLUBAR opposes the motion and requests leave to serve a proposed second amended complaint, now their third attempt to plead a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter "RICO") against ALLEN.

As was true for HOLUBAR'S first complaint dated August 8, 2007,

1

their first amended complaint dated September 5, 2007, and their proposed
second amended complaint dated October 29, 2007, the RICO claim is
deficient and nothing that HOLUBAR can allege will help them.

## II.

## THE ROAD CONTRACT

HOLUBAR now attaches the road contract as Exhibit "2" to their
memorandum of law dated October 29, 2007. A review of this document
proves that neither the plaintiff, MICHELLE HOLUBAR nor the plaintiff,
BJORN J. HOLUBAR, ever entered into even one (1) contract with
ALLEN, let alone five (5) contracts as claimed [four (4) written and one
(1) oral].

A nonparty named Hudson Way, LLC, Route 301 and Hudson Way,
Cold Spring, New York 10516, entered into a written agreement with the
defendant, TOM ALLEN, on November 27, 2006, for labor, equipment and
materials to build a road. With respect to this one (1) written contract
between the nonparty, Hudson Way, LLC, Route 301 and Hudson Way,
Cold Spring, New York 10516, and ALLEN, dated November 27, 2006, and
an agreement to build and backfill a wall and obtain a neighbor's stones
for HOLUBAR, every factual claim made against ALLEN by HOLUBAR in
their first amended complaint dated September 5, 2007, is separately

2

detailed at pages 4 and 5 in ALLEN'S memorandum of law dated September 24, 2007.

Concerning the duration of their relationship, it is undeniable that HOLUBAR'S claims against ALLEN span only the eight (8) month period beginning on or about October 15, 2006 until June 8, 2007, when their agreement terminated when HOLUBAR'S check was returned by their bank. HOLUBAR'S own submissions establish that the required continuity is absent and conclusory generalities that ALLEN'S fraud will continue into the future do not make a RICO case and are insufficient to distinguish this from a claim of "one-shot fraud". <u>Town of Poughkeepsie</u> v. <u>Espie</u>, 402 F. Supp. 2d 443 (S.D.N.Y. 2005).

Whether or not this Court determines that HOLUBAR even has standing to bring this action against ALLEN (where the parties to the written contract dated November 27, 2006, include only the defendant, TOM ALLEN and nonparty Hudson Way, LLC), it is clear that HOLUBAR cannot properly plead a RICO claim against ALLEN other than alleging statutory violations in a conclusory fashion; and there is no proper pleading detailing how ALLEN engaged in criminal activity to produce profits by the conduct and control of an enterprise which has affected interstate or foreign commerce.

If entitled to relief, HOLUBAR can be adequately compensated under New York State law for any claimed losses; and as more fully discussed below, ALLEN is entitled to dismissal of the first cause of action in the first amended complaint at the pleading stage. Thereafter, the remaining (9) causes of action under New York State law should also be dismissed in the discretion of this Court pursuant to 28 U.S.C. Section 1367(c)(3).

POINT III

JOAN ALLEN

In HOLUBAR'S first complaint dated August 8, 2007, the first amended complaint dated September 5, 2007, and the proposed second amended complaint dated October 29, 2007, they attempt to create a RICO enterprise. HOLUBAR joins as a defendant, JOAN ALLEN, Tom Allen's mother, solely in an attempt to beef up their argument that a RICO enterprise existed.

Neither the plaintiff, MICHELLE HOLUBAR nor the plaintiff, BJORN J. HOLUBAR, ever contracted with the defendant, JOAN ALLEN. The reality is that the defendant, TOM ALLEN, entered into a written contract to build a road with nonparty Hudson Way, LLC, on November 27, 2006. This writing did not stop HOLUBAR from joining JOAN ALLEN, as a defendant.

4

Both the first complaint dated August 8, 2007, the first amended complaint dated September 5, 2007, and the proposed second amended complaint dated October 29, 2007, contain absolutely no facts whatsoever to establish that the defendant, JOAN ALLEN, violated RICO.

Other than the mere conclusory assertion that she procures revenues and invests them and the conclusory assertion that she is part of a group or enterprise, there is no factual underpining for HOLUBAR'S allegations that the defendant, JOAN ALLEN, is part of a criminal enterprise and that she threatens future criminal acts.

### POINT IV

HOLUBAR DOES NOT PLEAD THE DURATION, FREQUENCY AND SUBSTANCE OF THE PURPORTED RICO ACTS OF THE DEFENDANT, JOAN ALLEN

In their memorandum of law dated October 29, 2007, HOLUBAR abandons all RICO claims against ALLEN under 18 U.S.C. Section 1962(a)(b) and (d) urging the Court now to determine that the latest pleading adequately alleges a violation of 18 U.S.C. Section 1962(c).

HOLUBAR'S pleading with respect to the defendant, JOAN ALLEN, fails to set forth any facts showing the duration, frequency and substance of her purported racketeering activity. These allegations against the defendant, JOAN ALLEN, are insufficient to survive a motion to dismiss the RICO claim because the Court examines the claims against each

5

defendant, independently. <u>Jones</u> v. <u>National Communication and Surveillance Networks</u>, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006).

All of HOLUBAR'S complaints fail to properly plead any facts from which it can be inferred that the defendant, JOAN ALLEN, participated in crimes and that she poses a threat of continued criminal activity. <u>Miranda</u> v. <u>Ponce Federal Bank</u>, 948 F.2d 41, 45 (CA1 1991).

Nor is HOLUBAR able to properly plead that the defendant, JOAN ALLEN, exercised control over a RICO enterprise. In 2004, this Court (McMahon, D.J.) held in <u>United States Fire Insurance Company</u> v. <u>United Limousine Service, Inc.</u>, 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004) that to properly plead a RICO violation under 18 U.S.C. Section 1962(c), facts must be set forth which establish the defendant, JOAN ALLEN, controlled a RICO enterprise; and this control element must pass an extremely rigorous pleading test.

Pursuant to Federal Rules of Civil Procedure 9(b), the predicate crimes committed by the defendant, JOAN ALLEN, must also set forth with specificity. HOLUBAR fails to plead the time, place and content of any wire transmission or mailing by the defendant, JOAN ALLEN, and therefore their pleadings are insufficient. <u>Bologna</u> v. <u>Allstate Insurance Company</u>, 138 F. Supp. 2d 310 (E.D.N.Y. 2001).

6

HOLUBAR is clearly unable to plead any facts supporting a RICO violation against the defendant, JOAN ALLEN, which leads to the conclusion that there is no criminal enterprise, no entity or group of persons associated together for the common purpose of engaging in a course of conduct, separate and apart from the activity in which the enterprise engages.

### POINT V

### HOLUBAR CONFUSES THE LEGAL REQUIRE-MENT FOR A PROPER PLEADING AND A FACTUAL FOUNDATION WITH THE MERE REPETITION OF THE STATUTE

In their memorandum of law dated October 29, 2007, at page 10, HOLUBAR argues that they properly allege a RICO violation. HOLUBAR argues that they have described a violation of the RICO statute and injury to business or property and an injury caused by a RICO violation. HOLUBAR concludes that their pleading is sufficient stating: "that is it."

HOLUBAR misses the point; because while they allege in conclusory fashion that ALLEN violated RICO, there is no factual foundation to support the claim. While HOLUBAR submits 75 paragraphs, they cannot allege the elements required by 18 U.S.C. Secion 1962 (c); and nothing that HOLUBAR hopes to add will help.

7

HOLUBAR has flexed his legal muscles and made a Federal case over a contractor dispute, with all of the stigma attached to a RICO claim. HOLUBAR joins the contractor's mother, the defendant, JOAN ALLEN, for added leverage. Whether HOLUBAR even has standing to sue is questionable because nonparty Hudson Way, LLC, entered into contract with the defendant, TOM ALLEN. What is clear is that HOLUBAR has now drafted three (3) RICO complaints to pursue a driveway dispute. If RICO was enacted to provide enhanced sanctions and new remedies to deal with the unlawful activities of organized crime [Gitterman v. Vitoulis, 579 F. Supp. 423, 426 (S.D.N.Y. 1983)] then HOLUBAR was wrong to commence and maintain this lawsuit.

What happened in this case has happened before and as recently as 2006, this Court (McMahon, D.J.) in Carousel Foods of America, Inc. v. Abrams & Company, Inc., 423 F. Supp. 2d 119 (S.D.N.Y. 2006), rejected a RICO claim brought by a lawyer for a member of his family which claim involved a mere business dispute, only.

In this case the defendant, TOM ALLEN, entered into a written agreement with nonparty Hudson Way, LLC, Route 301 and Hudson Way, Cold Spring, New York 10516, on November 27, 2006, to build a road. A dispute arose over the road construction, obtaining rocks, backfilling a wall and grading land.

8

The defendant, TOM ALLEN, a sole proprietor, and his mother,

JOAN ALLEN, are sued by the plaintiffs, MICHELLE HOLUBAR and

BJORN J. HOLUBAR, individually, under RICO. This Court should now

conclude as this Court concluded in <u>Carousel Foods of America, Inc.</u> v.

<u>Abrams & Company, Inc.</u>, 423 F. Supp. 2d 119 (S.D.N.Y. 2006), as

follows:

> "In sum, it is obvious what has happened here.
> A lawyer representing his own brother has availed
> himself of an arsenal of draconian weapons--RICO
> allegations, fraud suits, criminal complaints--in an
> effort to gain advantage for his brother in a simple
> business dispute. He set out to intimidate, rather
> than to vindicate an arguable legal position. And
> he did so without paying the slightest attention to
> whether it was appropriate to do so. He used a
> nuclear device to shoot at a fly. His behavior in
> this matter has been utterly unethical.
>
> The consequences to anyone of being accused
> of racketeering are dire. As this court has long
> recognized, "The mere assertion of a RICO claim
> . . . has an almost inevitable [**9] stigmatizing
> effect on those named as defendants." See, e.g.,
> Dubai Islamic Bank v. Citibank, N.A., 256 F.
> Supp. 2d 158, 163 (S.D.N.Y. 2003) (quoting
> Katzman v. Victoria's Secret Catalogue, 167
> F.R.D. 649, 655 (S.D.N.Y. 1996), aff'd 113
> F.3d 1229 (2d Cir. 1997)."

## CONCLUSION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), the

9

first cause of action in the first amended complaint dated September 5,

2007, should be dismissed because this Court lacks jurisdiction over the

subject matter and the pleading fails to state a claim upon which relief can

be granted. Without the umbrella of a Federal question, then in the

discretion of this Court, the remaining nine (9) causes of action under New

York State law should be dismissed.

Lastly, the application pursuant to Federal Rules of Civil Procedure

15(a) for leave to serve the proposed second amended complaint dated

October 29, 2007, should in all respects be denied.

Dated: November 5, 2007.

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑
JOHN H. HERSH
(JJH-1548)

JOHN H. HERSH
Attorney for Defendants
TOM ALLEN and JOAN ALLEN
First Federal Building
Peekskill, New York 10566
914-739-4200

TO:

    BJORN J. HOLUBAR
    Attorney for Plaintiffs
    MICHELLE HOLUBAR and
    BJORN J. HOLUBAR
    575 Madison Avenue, 10th Floor
    New York, New York 10022
    646-334-8312

10



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE HOLUBAR and BJORN J. HOLUBAR,

                              Plaintiffs,

    - against -

TOM ALLEN, a/k/a TOMMY ALLEN, a/k/a THOMAS ALLEN,
d/b/a TOM ALLEN EXCAVATING and JOAN ALLEN,

                              Defendants.

REPLY AFFIDAVIT AND REPLY MEMORANDUM OF LAW

### JOHN H. HERSH

*Attorney for*  Defendants TOM ALLEN and JOAN ALLEN          .

FIRST FEDERAL BUILDING
PEEKSKILL, NEW YORK 10566
(914) 739-4200

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ......................................................

Signature..............................................................................................................................

Print Signer's Name.............................................................................................................

*Service of a copy of the within*                                                           *is hereby admitted.*

*Dated:*

                    ..................................................................................
                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                    *20*
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                      *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                    *20*        *, at*              *M.*

*Dated:*

                                                              ### JOHN H. HERSH
                              *Attorney for*

                                                        FIRST FEDERAL BUILDING
*To:*                                                   PEEKSKILL, NEW YORK 10566


*Attorney(s) for*