UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
MICHELLE HOLUBAR, and                             :
BJORN J. HOLUBAR,                                 :
                                                  :
                         Plaintiffs,              :
    v.                                            :   2007 CV 7185
                                                  :   (S. Robinson/M. Fox)
TOM ALLEN, aka                                    :
TOMMY ALLEN, aka                                  :
THOMAS ALLEN, dba                                 :
TOM ALLEN EXCAVATING, and                         :
JOAN ALLEN,                                       :
                                                  :
                         Defendants.              :
                                                  :
---------------------------------------------------------------X


PLAINTIFFS' OPPOSITION TO DEFENDANTS' MEMORANDUM TO RENEW

Bjorn J. Holubar (BH-9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net

1

## **TABLE OF CONTENTS**

Table of Contents……………………………………………………………………………….2

Table of Authorities …………………………………………………………………………….2

INTRODUCTION…………………………………………………………………………...3
UNDISPUTED FACTS……………………………………………………………………...3
ARGUMENT…………………………………………………………………………………6
    I.      Corporate Status & Reformation…………………………………………..7
    II.    Joan Allen……………………………………………………………………..8
    III.   Enterprise…………………………………………………………………….8
    IV.   Open Ended Continuity……………………………………………………10
CONCLUSION ………………………………………………………………………………11

## **TABLE OF AUTHORITIES**

**STATUTES**

*Uniform Limited Liability Company Act (1996)*……………………………………………….3
1962(c)…………………………………………………………………………………………..3
1962(d)…………………………………………………………………………………………..3
12(b)(6)………………………………………………………………………………………….3
18 U.S.C. § 1961(4). ……………………………………………………………………......8

**CASES**

*Allen v. New World, Inc*., 2001 WL 293683 (SDNY 2001)…………………………………..10
*Clinton Investors Co., v. Watkins, et al*., 146 A.D.2nd 861 (3rd Dept. 1989)………………..7
*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)………………………………………………....6
*Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996)……………………………………………6
*De Falco v. Bernas*, 244 F.3d 286 (2d Cir.), cert. denied, 122 S.Ct. 207 (2001),……………..3
*GICC Capital Corp*., 67 F.3d at 466 (19__)……………………………………………………4
*Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 62 (2d Cir.1997)..6
In *H.J., Inc. v. Northwestern Bell Telephone Co*., 109 S.Ct. 2893 (1989)…………………..4
*Jordan (Bermuda) Investment Co., Ltd. v. Hunter Green Investments Ltd*.,
    154 F.Supp.2d 682 (SDNY 2001)……………………………………………………..4
*Manhattan Telecommun. Corp., Inc. v. DialAmerica Mk, Inc.,*
    156 F.Supp.2d 376, 380 (SDNY 2001)……………………………………………..8
*Rodolico v. Unisys Corp.*, 96 F.Supp.2d 184, 186 (EDNY 2000)……………………………..6
*Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985)…………………………………...3
*Skinner v Golub*, USDC, DC 3:01CV974,
    Ruling & Order dated September 4, 2002 (Chatigny, USDJ)…..……………………9
*United States v. Turkette*, 452 U.S. 576, 583 (1981)……………………………………...9
*United States v. Morales*, 185 F.3d 74, 80 (2d Cir.1999), cert. denied, 529 U.S. 1010 (2000)… ..9

## INTRODUCTION

In the Holubars' 3rd Amended Complaint ("TAC") (attached w/o exhibits), they sufficiently plead defendants' violation(s) of Section 1962(c) [& 1962(d)] properly pleading defendants': "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *De Falco v. Bernas*, 244 F.3d 286 (2d Cir.), cert. denied, 122 S.Ct. 207 (2001), quoting, *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985).

## UNDISPUTED FACTS

Defendants Tom Allen aka Tommy Allen aka Thomas Allan, all *dba* Tom Allen Excavating, and defendant Joan Allen, are owners, principle and operators of Tom Allen Excavating, infusing capital and/or receiving compensation therefrom ("defendants"). TAC ¶ 6. 7, 10-17, 21, 26-27, and not limited thereto. Defendants have not and cannot dispute this.

Defendants solicited several interrelated projects from the Holubars consisting of the excavation and creation of a private driveway (TAC ¶ 27) as well as the excavation of three (3) building sites and the three (3) related septic fields. Id. In furtherance of this solicitation, defendants fraudulently represented prior experience and competencies having excavated and constructed such driveways, foundations and septic fields in the past. *Id* at ¶¶ 28-30.

In or about November 2006, defendants mailed copies of four (4) contracts to the Holubars. *Id*. at ¶ 31. Then, based on the four (4) mailed contracts and notation thereupon, defendants entered into later discovered fraudulent relations with the Holubars for the construction of a private driveway and other related work ("Project") *Id*. at ¶ 32.

Defendants requested that the "House Contracts" and their deposits be entered into at the time of the "Road Contract," but were rejected until the Road Contract was near completion. *Id*. at ¶ 33. Defendants also requested a deposit before doing work. *Id*. at ¶ 34.

In January 2007, a publically traded stock owned by Holubar was sole by a stock broker in Arizona for a New York company listed on the NASDAQ from which funds were transferred from New Jersey and a check issued to defendants for a deposit amount of $20,160. *Id*. at ¶ 35. At this time defendants represented the driveway would be completed by March 1, 2007, this representation was later found to be false. *Id*. at ¶ 37.

In or about February 2007, defendants, particularly Mr. Allen represented via telephone to the Holubars and others that as set forth in his contract, several stages of the project were nearing completion. *Id*. at ¶¶ 38-43. Also, more specifically defendants, on or about February 16, Mr. Allen represented *via* telephone to Fishkill Town Judge Frank Cross, Esq., Philipstown Town Judge Steve Tomann, Esq., Michael Colamarino, Judy Colamarino, and the Holubars that the project would be completed or that at least the driveway would be passable by March 1, 2007. *Id*. at ¶ 44.

The Holubars, Colamarinos and their attorneys relied on the representations of defendants and concluded a real estate transaction. *Id*. at ¶ 45. This transaction would not have been consummated if defendants would have told the truth regarding the completion of the project. *Id*. at ¶ 46. In reliance of the telephonic representations of defendants and Allen, believed to be true, defendants were issued payment in the amount of $30,000, later found to be an advance or further trust deposit payment. *Id*. at ¶ 47.

Additionally, prior to March 1 defendants requested and pursued the entry of the "House Contracts" and payment of 1 of the 3 deposits, with the subsequent two (2) House Contract deposits being due in April and May from the Holubars. *Id.* at ¶ 48. Defendants were informed that the same would be provided when the Road Contract was advanced and the road passable.

*Id*. On March 1 the Project was incomplete, defendants failed to cure but demanded more money. *Id* at 49.

In April, under the extortionary threat of walking off the job the defendants requested and were retained under oral contract to undertake home improvements (landscaping). *Id*. at ¶ 53. Defendants failed to fully perform their duties for said landscaping. *Id*. at ¶¶ 55-57. But for the fraudulent threat of "walking off the job" defendants would not have been paid close to $8,000 on "non-contract" "home improvements".[1] *Id*. at ¶ 57.

Defendants continued the fraud and ongoing conduct in requested more advance payments to apply to the Road Contract's purported construction – payments for the road as well as the Houses. *Id*. at ¶ 64. Mr. Allen stated to Messrs. White and Holubar that he needed the House Contract deposits as he ran out of money and was "counting on them to pay (his) bills". *Id*. at ¶ 65.

On June 6, 2007, the Project was neither passable nor completed and defendants were founds to have stolen thousands of dollars in natural resources. *Id*. at ¶¶ 62, 68.

Defendants enterprise engaged a patterned of illegal and criminal conduct that would have continued into the future but for termination.

---

[1] When defendants were placed on notice of a breach for this landscaping and defendants' refusal to cure the same the last payment of $1,700 was stopped.

## ARGUMENT

Holubars' complaint is facially sufficient to sustain defendants' motion to dismiss and as such defendants' motion must fail

Because defendants move under Federal Rules of Civil Procedure ("Fed.R.Civ.Pro.") Rule 12(b)(6), the Court must accept as true all of Holubars' verified allegations.

When ruling on a motion to dismiss, the Court must accept as true all factual allegations in the Verified Complaint and all reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 62 (2d Cir.1997). Contrary to defendants assertions in its "standard of review" as to the "plausibility", it is not for the Court to "weigh the evidence that might be presented at trial; the Court must merely determine whether the complaint itself is legally sufficient ..." *Rodolico v. Unisys Corp.*, 96 F.Supp.2d 184, 186 (EDNY 2000). A Fed.R.Civ.Pro. R12 motion is only properly granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996).

At hand the Holubars met their obligations under Fed.R.Civ.Pro and further their sworn statements, supported with detailed exhibits, must be taken as "true".

Defendants are unable to overcome these standards and as such defendants' motion to dismiss must be denied as the Holubars allegations must be viewed as true and have further plead their claims with detailed specificity.

I.  Corporate Status & Reformation

Defendants' untimely "corporate" and standing challenges are misplaced, untimely and contrary to controlling principles of limited liability company law. Defendants' challenges must fail as the Holubars have legal and factual standing.

It's an axiom of corporate law: incorporators/promoters of an entity are charged with the entities' assets and liabilities until such time as the formation process is complete. *Clinton Investors Co., v. Watkins, et al.*, 146 A.D.2nd 861 (3rd Dept. 1989); see also, *Uniform Limited Liability Company Act (1996)*. Herein, the LLC was never formed by The Holubars such that contractual obligations flow to The Holubars personally.

The law upon which the defendants rely is simply distinguishable from the facts herein as the Holubars' are the sole owner, operators and beneficiaries of the closely held entity they were to have formed – one that was to have been formed for the Holubars' sole and exclusive benefit nor is there any allegation funds diversion, and in actuality defendants received in excess of $50,000 which by their own acceptance and endorsement effected factual contractual reformation on no less than four (4) occasions TAC ¶¶ 36, 47, 57.

Further, defendants were expressly told the LLC was not formed and as proof positive thereafter accepted no less than four (4) payments over four (4) months directly from The Holubars and their attorney – and never the not the nonexistent LLC (TAC ¶¶ 36, 47, 57). This is demonstrative of contractual reformation – if not a question of fact for the trier of fact, and thus not an issue for a Rule 12 motion. *Id* at ¶ 53. When ruling on a motion to dismiss, the Court must accept as true all factual allegations in the Verified Complaint and all reasonable inferences must be drawn in favor of the non-moving party. Defendants' challenge is untimely and factually flawed.

II. <u>Joan Allen</u>

Allegations directed to Ms. Allen are sufficient to overcome defendants challenge.

Defendants do not refute Ms. Allen's involvement in the underlying enterprise as articulated in the TAC, but rather belatedly question her "contact" with The Holubars – which is not a required element of a RICO complaint. *Id* at ¶¶ 10–17, 21, 25. Factually, defendants provide no proofs to support any position that Ms. Allen: 1) was not involved in the enterprise, 2) did not benefit from, nor 3) was involved in the complained of transactions with the Holubars – all of which was affirmatively plead in the Holubars TAC, Id. see also ¶¶ 26, 28-34, 36-44, 47a-48, 53, 56a, 5-60, 63-64, 66, 68, 72-76, 80-138.

Notably, defendants' do not even attempt to provide sworn testimony from anyone knowledgeable of the facts. Allegations pertaining to Ms. Allen were sufficiently plead in Holubars' Complaints and viewed in a light most favorable to The Holubars. Defendants' untimely challenge must fail.

Defendant Joan Allen's' "involvement" in the enterprises were set forth in the TAC ¶¶ 10 – 17, 21, 25-26, 28-34, 36-44, 47a-48, 53, 56a, 5-60, 63-64, 66, 68, 72-76, 80-138 and are to be taken as true.

Joan Allen's involvement in the enterprise are sufficiently established to overcome defendants' belated 12(b)(6) application.

III. <u>Enterprise</u>

The Holubars' Action plead, and defendants factually effected, a RICO "enterprise' as defined in the statute, which includes any "individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

Contrary to defendants' contentions, a RICO enterprise need not be a formal corporation, group or organization, in support of which defendants cite inapplicable and tangential law, distinguishable from the facts herein and not controlling in this District.

Rather, the statue is and was satisfied herein by a showing of a formal or informal group of persons, "associated for a common purpose of engaging in a course of conduct." *Skinner v Golub*, USDC, DC 3:01CV974, *Ruling & Order* dated September 4, 2002 (Honorable Richard N. Chatigny, USDJ) citing *United States v. Turkette*, 452 U.S. 576, 583 (1981), see also *United States v. Morales*, 185 F.3d 74, 80 (2d Cir.1999), cert. denied, 529 U.S. 1010 (2000); *Manhattan Telecommun. Corp., Inc. v. DialAmerica Mk, Inc.,* 156 F.Supp.2d 376, 380 (SDNY 2001).

As such at Bar the defendants have been engaging an "enterprise" through their complained of individual and collective actions *vis a vi* "Tom Allen Excavating" as well as Tom Allen, individually. To *wit*, defendants Tom Allen and Joan Allen both own and operate the purported unincorporated business Tom Allen Excavating. TAC ¶ 6, 7, 10, 11, 12, 13, 14, 15, 16, 81-138. Both defendants procure revenue from said business and both individuals "invest" money into the business' continued operation[2]. *Id.*

The common purpose is even clearer – the solicit persons to allegedly provide excavation services and therein secure an advance deposit through fraudulent representations. *Id* at ¶¶ 28, 29, 30, 36, 81-138. When in receipt of said deposit rather than maintain the same in trust pursuant to NY's Lien Law 79-a and apply the same, if necessary, to the work at hand the defendants rather simply use and converted the trust deposit for personal use. *Id* at ¶ 148-159.

Holubars' have established defendants "enterprise" in accordance with the statute and controlling precedent.

---

[22] It is now learned that the defendants are harboring no less than three (3) illegal aliens at their rental properties located on Main Street Nelsonville And further that these three (3) illegal aliens are employed on a cash basis by defendants working in and on their enterprise.

IV.     Open Ended Continuity

The Holubars plead and demonstrated the open ended conduct of defendants' enterprises.

Contrary to defendants' posture is the seminal Supreme Court holding in *H.J., Inc. v. Northwestern Bell Telephone Co.*, 109 S.Ct. 2893 (1989). In *H.J. Inc.,* the High Court ruled that to demonstrate an enterprise's open-end continuity there only needs to be shown, that but for termination of relations, "that there was a threat of continuing criminal activity extending indefinitely into the future". *Id.* Further, the key consideration in this Circuit as to the question of open ended continuity is the nature of the enterprise, and if engaged in "legitimate" business, allegation of open ended continuity requires evidence supporting an <u>inference that the predicate acts are the regular way of doing business</u>, <u>or that the nature of the predicate acts themselves implies a threat of continuing criminal activity</u>. (emphasis added) *Id.*, see also *GICC Capital Corp.*, 67 F.3d at 466; *Allen v. New World Coffee, Inc.*, 2001 WL 293683 (SDNY 2001); *Jordan (Bermuda) Investment Co., Ltd. v. Hunter Green Investments Ltd.*, 154 F.Supp.2d 682 (SDNY 2001).

The Holubars met these benchmarks in its Complaint.

Herein defendants' fraudulently induced a slow bleeding of Holubars' liquid assets and theft of raw materials, that admittedly occurred for at least eight (8) months– and only 15% of the initial "road" project completed a rate that - but for termination - extrapolates into 48 months for the initial project alone! TAC ¶ 87[3]  Thus, defendants' fraud, theft and *method operandi* would have continued well into the indefinite future.

But defendants' scheme was not isolated to a singular "instance", limited in duration or geographic scope. TAC ¶ 88. Rather defendants' scheme encompassed a series of no less than

---

[3] Further, due to defendants' fraudulent representations as to their rate of progress compensation paid well in excess of services actually rendered; and defendants' continually requested deposits on the remaining 3 house contracts.

10

five (5) related but separate and distinct actions and contracts all stemming from US Postal mailings that were maintained, schemes further advanced and continued through use of interstate wire communications, *i.e*. cell phones in 1/07 between Fl-NY; NY-FL; NC-FL; SC-FL, fax and email. Id.  Therein, but for termination, defendants' predicate acts and criminal activity would have extended indefinitely into the future. TAC ¶ 89

The Holubars satisfied Supreme Court and 2nd Circuit controlling precedent concerning the "open-ended continuity" of defendants' enterprise.

Defendants' opinion of the "purpose of the RICO Statute" when applied to the cases cited is well out of context and contrary to High Court holdings, thus not worthy of further banter. *H.J., Inc. v. Northwestern Bell Telephone Co*., 109 S.Ct. 2893 (1989).

## CONCLUSION

Wherefore, it is respectfully submitted that defendants' motion must fail.

Respectfully submitted,

Bjorn J. Holubar /s/

Dated: December 26, 2007
    New York, New York

Bjorn J. Holubar (BH-9691)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubaresq@optonline.net

```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
MICHELLE HOLUBAR, and                                        :
BJORN J. HOLUBAR,                                            :
                                                             :
                              Plaintiffs,                    :
              v.                                             :    2007 CV 7185
                                                             :    (S. Robinson/M. Fox)
TOM ALLEN, aka                                               :
TOMMY ALLEN, aka                                             :
THOMAS ALLEN, dba                                            :
TOM ALLEN EXCAVATING, and                                    :
JOAN ALLEN,                                                  :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

     I Bjorn J. Holubar, Esq., an attorney admitted to practice in the Southern District of New York, do hereby t affirm under penalty of perjury that:

     1-    <u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MEMORANDUM TO RENEW</u>, and

     2-    this Certificate of Service,

were served on counsel for defendants:

John H. Hersh, Esq.
First Federal Building, Suite 212
Peekskill, New York 10566


by fax on the 26th day of December 2007.

                                                                        Bjorn J. Holubar /s/
                                                                   _____
                                                                   Bjorn J. Holubar, Esq.