UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                Plaintiffs,      REPLY AFFIDAVIT
                                      2007 Civ. 7185
    - against -                     (MDF)

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a TOM ALLEN
EXCAVATING and JOAN ALLEN,

                Defendants.

----------------------------------x

STATE OF NEW YORK    )
                           ) SS.:
COUNTY OF WESTCHESTER)

      JOHN H. HERSH, being duly sworn, deposes and says:

      1. That your deponent is the attorney for the defendants, TOM ALLEN and JOAN ALLEN (hereinafter "ALLEN") in the above entitled action and your deponent makes this affidavit in reply to the memorandum of law of the plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR (hereinafter "HOLUBAR") dated December 26, 2007, and in further support of ALLEN'S renewed application dated December 10, 2007, for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) dismissing HOLUBAR'S third amended complaint (hereinafter "TAC") dated November 30, 2007, upon the grounds that this Court lacks jurisdiction over the subject matter and the first

1

and tenth causes of action in the TAC fail to state a claim upon which relief can be granted.

2. That pursuant to 28 U.S.C. Section 1367(c)(3) after dismissing all claims over which this Court has original jurisdiction, this Court should, in its discretion, then dismiss the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action brought pursuant to New York State law.

3. That as more fully discussed in the accompanying reply memorandum of law dated January 2, 2008, the first and tenth causes of action in the TAC dated November 30, 2007, fail to state claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter "RICO").

4. An examination of the road contract now submitted by HOLUBAR dated November 27, 2006, between nonparty Hudson Way, LLC, Route 301 and Hudson Way, Cold Spring, New York 10516, and the defendant, TOM ALLEN, raises the issue whether the individual plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR, have standing to bring this lawsuit. Reviewing their memorandum of law in opposition dated December 26, 2007, proves that they are unable to plead a RICO claim because jurisdictional elements are lacking. HOLUBAR cannot establish the requisite RICO continuity to support their claims which involve a mere business dispute. Other than conclusions and generalities, there are no facts to support their RICO claims.

5. That even assuming as true all of the factual allegations contained in their TAC dated November 30, 2007, ALLEN is entitled to dismissal of the first and tenth causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6); and the remaining

eight (8) causes of action under New York State law should also be dismissed in the discretion of this Court pursuant to 28 U.S.C. Section 1367(c)(3) as they fail without the umbrella of the Federal question.

6. That for the reasons set forth in the accompanying reply memorandum of law dated January 2, 2008, ALLEN is entitled to dismissal of the first and tenth causes of action in the TAC dated November 30, 2007, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

WHEREFORE, your deponent prays for an order granting this application.

_____
JOHN H. HERSH

Sworn to before me this

2nd day of January 2008.

_____
         Notary Public

> MARGARET T. FURFARO
> Notary Public, State of New York
> Qlfd. Westchester County # 4707187
> Term Expires March 30, 20_11_

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                            Plaintiffs,        2007 Civ. 7185
                                              (MDF)

  - against –

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a TOM ALLEN
EXCAVATING and JOAN ALLEN,

                            Defendants.
------------------------------x

DEFENDANTS' REPLY MEMORANDUM OF LAW

                                              JOHN H. HERSH
                                              Attorney for Defendants
                                              TOM ALLEN and JOAN ALLEN
                                              First Federal Building
                                              Peekskill, New York 10566
                                              914-739-4200

## TABLE OF CONTENTS

|      |               | Page |
|------|---------------|------|
| I.   | Introduction  | 1    |
| II.  | Standing      | 2    |
| III. | Continuity    | 5    |
| IV.  | Conspiracy    | 7    |
| V.   | Conclusion    | 8    |

I.

INTRODUCTION

On December 10, 2007, the defendants, TOM ALLEN and JOAN ALLEN (hereinafter "ALLEN") renewed their motion for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) dismissing the first and tenth causes of action in the third amended complaint (hereinafter "TAC") of the plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR (hereinafter "HOLUBAR") dated November 30, 2007, upon the grounds that this Court lacks jurisdiction over the subject matter and the TAC fails to state a claim upon which relief can be granted.

Additionally, ALLEN sought an order pursuant to 28 U.S.C. Section 1367(c)(3) after dismissing all claims over which this Court has original jurisdiction, in its discretion, then dismissing the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action brought pursuant to New York State law as they fail without the umbrella of the Federal question.

HOLUBAR opposes the renewed motion and argue that they have properly stated two (2) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter "RICO") against ALLEN, violations of 18 U.S.C. Section 1962(c) and (d).

In opposition to the renewed dismissal motion, HOLUBAR fails to explain the threshold issue of their individual standing to bring these RICO claims where paragraph "5" of their TAC admits that the signed road contract dated November 27, 2006, was entered into with a nonexistent entity which they never formed. As more fully discussed

1

below, due to their own misrepresentation the road contract is void and they lack individual standing as a matter of law.

HOLUBAR cannot plead facts to satisfy the jurisdictional element of continuity, neither closed-ended continuity nor open-ended continuity. Their first and tenth causes of action in the TAC dated November 30, 2007, lack specific factual allegations establishing the pattern element; and their generalized speculation of future criminal conduct is insufficient to defeat dismissal. The failure of their RICO claim under 28 U.S.C. Section 1962(c) requires dismissal of their conspiracy claim under 28 U.S.C. Section 1962(d).

## II.

## STANDING

HOLUBAR opposes the renewed dismissal motion dated December 10, 2007, arguing that ALLEN'S challenge to their individual standing is untimely. Examining the pleadings in this case proves them wrong. HOLUBAR first annexed the road contract dated November 27, 2006, to their memorandum of law dated October 29, 2007, in opposition to ALLEN'S initial dismissal motion. ALLEN'S reply memorandum of law dated November 5, 2007, raised the issue of their lack of individual standing at pages "2" and "3." In their renewed dismissal motion dated December 10, 2007, ALLEN argued in their memorandum of law at pages "9" and "10" that HOLUBAR was not entitled to reformation of the road contract dated November 27, 2006, where their own misrepresentation of the existence of their corporation means the road contract is void and therefore they lack individual standing as a matter of law.

2

HOLUBAR ignores the legal precedent from this Court on this precise issue, holding that as a matter of law, standing will be denied to a party who seeks reformation of a defective contract for their individual benefit when their own misrepresentation is responsible for the defect. Writing at page 271, this Court (Cedarbaum, D. J.) held as follows in <u>Amazing Entertainment, Inc.</u> v. <u>Louis Lofredo Associates, Inc.</u>, 88 F. Supp. 2d 265 (2000):

> "Nevertheless, Lofredo wishes to enforce the Agreement for his personal benefit by asserting claims against Durkin Hayes and plaintiffs. Lofredo offers no reason, and cites no authority, for reforming a defective contract for his benefit when his own misrepresentation is responsible for the defect. Lofredo drafted the Agreement himself and signed it on behalf of LL Associates, not himself personally. The Agreement defines "Salesperson" as LL Associates, not Louis Lofredo. Except for his signature and the use of his name in the name of the purported corporation, there is no mention of Louis Lofredo in the Agreement. Lofredo concedes that he knew LL Associates had been defunct for nineteen years at the time he drafted and signed the Agreement. He thus knew, or should have known, that the Agreement was invalid, and cannot now complain that it should be enforced for his benefit. See International Sport Divers, 25 F.Supp.2d at 112 (individual who signs contract as president of nonexistent corporation "is not a party to the contract and therefore does not have the capacity to sue on it.")."

HOLUBAR, having admitted at paragraph "5" of their TAC that they never

3

formed the corporation, cannot now complain that the road contract should be enforced for their benefit. HOLUBAR lacks individual standing as a matter of law. ALLEN'S challenge to their claim of individual standing is both timely and supported by clear legal precedent from this Court.

HOLUBAR attempts to establish individual standing by seeking reformation and arguing that ALLEN accepted payments and was told the corporation was nonexistent. However, as a matter of law, ALLEN'S state of mind is irrelevant to the determination of whether HOLUBAR has individual standing. This identical issue was determined against the party claiming capacity to sue in International Sports Divers Association, Inc. v. Marine Midland Bank, N.A., 25 F.Supp. 2d 101, 108-109 (W.D.N.Y. 1998). In that case, individual standing was denied because the defendant's intent was not relevant. The Court held:

> "Plaintiffs go on to characterize the issue of corporate formation as a "red herring," asserting that Marine was so eager for affinity card business that it was willing to *109 contract with ISDA regardless of its corporate status. However, Marine's intent is not material to the question of ISDA's de facto status or its capacity to contract."

Precedent compels the conclusion that HOLUBAR lacks standing and is not entitled to reformation of the void road contract.

4

III.

CONTINUITY

Even if this Court determines that at the pleading stage HOLUBAR has individual standing, dismissal is required because the TAC dated November 30, 2007, fails to plead sufficient facts to establish either closed-ended continuity or open-ended continuity and therefore a jurisdictional element is lacking.

Faced with the challenge to their claim of closed-ended continuity where their relations with ALLEN cover merely eight (8) months, beginning with the attempted road contract formation on November 27, 2006, until termination in June, 2007, HOLUBAR adds paragraph "17" to their TAC dated November 30, 2007, alleging in conclusory fashion that ALLEN'S enterprise existed for five (5) years. The conclusory claim, without factual support, is insufficient to plead closed-ended continuity. The relationship between HOLUBAR and ALLEN, lasting eight (8) months, is not a substantial period of time as a matter of law. United States Fire Insurance Company v. United Limousine Service, Inc., 303 F. Supp. 2d 432, 448 (S.D.N.Y. 2004). Closed-ended continuity is not plead.

HOLUBAR'S attempt to plead open-ended continuity fails because their claims of a risk of recurrence of criminal acts is purely speculative and insufficient to sustain their TAC.

To properly plead open-ended continuity, it was held that specific threats of repetition of criminal acts extending indefinitely into the future must be detailed. As

held in 2005, in International Brotherhood of Teamsters v. Blitz, 124 Fed. Appx. 41, 2005 U.S. App. LEXIS 3723, speculation is insufficient to plead open-ended continuity. Analyzing open-ended continuity, this Court has held that RICO claims should be dismissed at the pleading stage where they involve a finite single transaction or a "one-shot fraud." Town of Poughkeepsie v. Espie, 402 F. Supp. 2d 443, 458 (S.D.N.Y. 2005).

Open-ended continuity requires factual support that ALLEN is continuing with racketeering activity. Simpson Electric Corporation v. Leucadia, Inc., 72 N.Y.2d 450, 464. Analyzing the RICO pleading requirements, the New York Court of Appeals held a single criminal episode insufficient, regardless of how many fraudulent acts it entails. Citing Beauford v. Helmsley, 843 F. Supp. 2d 103 (2d Cir. 1988), it was held that absent factual support that the RICO defendant ever defrauded others in a like manner in the past or continues to defraud others in the future, the pleading fails because there must be a factual allegation that the enterprise is continuing with criminal activity. HOLUBAR fails to plead a RICO claim under 18 U.S.C. Section 1962(c) because continuity is lacking. As held by the Second Circuit in Beauford v. Helmsley, 843 F. Supp. 2d 103, 110 (2d Cir. 1988):

> "Essentially, then, the court has come some distance from Ianniello. Although, except for Albany, we speak in terms of "enterprise" rather than "pattern," we nonetheless require continuity in any event, and find insufficient evidence of continuity in a single criminal episode regardless of how many fraudulent acts it entails. In other words, a single criminal episode or scheme does not charge a claim under RICO because it lacks sufficient continuity to constitute an enterprise, even if its fraudulent acts constitute a pattern."

6

HOLUBAR speculates that ALLEN would have continued criminal conduct in the future; but this speculation was specifically rejected by the Second Circuit in 1995, in GICC Capital Corporation v. Technology Finance Group, Inc., 67 F. 3d 463, 466 (2d Cir. 1995). Analyzing the element of open-ended continuity, if the claimed scheme is inherently terminable, continuity is lacking. Arguments that open-ended continuity is properly alleged because there is "no end in sight" were rejected by this Court. Lefkowitz v. The Bank of New York, 2003 WL 22480049 (S.D.N.Y.). HOLUBAR fails to plead any factual support for their generalized claim that ALLEN'S alleged criminal activities continued after June, 2007. Wiltshire v. Dhanraj, 421 F. Supp. 2d 544 (E.D.N.Y. 2005).

Even if it is determined that HOLUBAR has individual standing at this pleading stage, ALLEN is entitled to dismissal of the first and tenth causes of action in the TAC dated November 30, 2007, because the continuity element is lacking.

## IV.

## CONSPIRACY

HOLUBAR'S conspiracy claim in their tenth cause of action [18 U.S.C. Section 1962(d)] fails because the RICO claim in the first cause of action [18 U.S.C. Section 1962 (c)] should be dismissed. Because the substantive RICO claim is defective, therefore the conspiracy claim fails as a matter of law. Crab House of Douglaston, Inc. v. Newsday, Inc., 418 F. Supp. 2d 193 (E.D.N.Y. 2006).

Additionally, their tenth cause of action alleging conspiracy to violate 18 U.S.C.

7

Section 1962(c) fails to plead with particularity that the defendants, TOM ALLEN and JOAN ALLEN, by words or actions "manifested an agreement to commit two (2) or more predicate acts." United States Fire Insurance Company v. United Limousine Service, Inc., 303 F. Supp. 2d 432, 454 (S.D.N.Y. 2004). HOLUBAR'S tenth cause of action does not allege facts implying any agreement between the defendant, JOAN ALLEN, and the defendant, TOM ALLEN, to commit predicate criminal acts. Conclusory pleading is insufficient because to defeat dismissal, the complaint must contain facts detailing a conscious agreement between the defendants, JOAN ALLEN and TOM ALLEN, to violate the criminal statutes, 18 U.S.C. Sections 1341 and 1343. To survive dismissal HOLUBAR was required to plead facts that the defendants, JOAN ALLEN and TOM ALLEN, agreed to commit the predicate acts, with knowledge that those acts were part of a pattern of racketeering activity in violation of 18 U.S.C. Section 1962(c). Hecht v. Commerce Clearing House, 897 F. 2d 21, 25 (2d. Cir. 1990).

HOLUBAR'S tenth cause of action alleging conspiracy to violate 18 U.S.C. Section 1962(c) should be dismissed as a matter of law.

## CONCLUSION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), the first and tenth causes of action in the TAC dated November 30, 2007, should be dismissed because this Court lacks jurisdiction over the subject matter and the pleading fails to state a claim upon which relief can be granted. Without the umbrella of a Federal question, then in the discretion of this Court, the remaining eight (8) causes of action under New York State law should be dismissed.

Dated: January 2, 2008.

_____
JOHN H. HERSH
(JHH-1548)

JOHN H. HERSH
Attorney for Defendants
TOM ALLEN and JOAN ALLEN
First Federal Building
Peekskill, New York 10566
914-739-4200

TO:
    BJORN J. HOLUBAR
    Attorney for Plaintiffs
    MICHELLE HOLUBAR and
    BJORN J. HOLUBAR
    575 Madison Avenue, 10th Floor
    New York, New York 10022
    646-334-8312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

               Plaintiffs,          AFFIDAVIT OF SERVICE
                                         2007 Civ. 7185
   - against -                      (MDF)

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a
TOM ALLEN EXCAVATING and
JOAN ALLEN,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK    )
                               ) SS.:
COUNTY OF WESTCHESTER)

      JOHN H. HERSH, being sworn says: I am not a party to the action, am over 18 years of age and reside at Peekskill, New York 10566.

      On January 2, 2008, I served a true copy of the annexed reply affidavit and reply memorandum of law in the following manner:

      By telecopier and by mailing the same in a sealed envelope, First Class mail, with postage prepaid thereon within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Bjorn J. Holubar, Esq.
575 Madison Avenue, 10th Floor
New York, New York 10022.

------------------------------------
JOHN H. HERSH

Sworn to before me this

2nd day of January 2008.

------------------------------------
Notary Public

MARGARET T. FURFARO
Notary Public, State of New York
Qlfd. Westchester County # 4707187
Term Expires March 30, 20_11_

MICHELLE HOLUBAR and BJORN J. HOLUBAR,

                Plaintiffs,

- against -

TOM ALLEN, a/k/a TOMMY ALLEN, a/k/a THOMAS ALLEN, d/b/a TOM ALLEN EXCAVATING and JOAN ALLEN,

                Defendants.

---

REPLY AFFIDAVIT AND REPLY MEMORANDUM OF LAW

---

**JOHN H. HERSH**
*Attorney for* Defendants TOM ALLEN and JOAN ALLEN

FIRST FEDERAL BUILDING
PEEKSKILL, NEW YORK 10566
(914) 739-4200

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ........................................    Signature ........................................

                                            Print Signer's Name ........................................

Service of a copy of the within                                      is hereby admitted.

Dated:

                                                                            ........................................

                                                                            *Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                     20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                             one of the judges of the within named Court,
at
on                      20     , at          M.

Dated:

                                                        **JOHN H. HERSH**
                                            *Attorney for*

                                                        FIRST FEDERAL BUILDING
                                                        PEEKSKILL, NEW YORK 10566

To:

*Attorney(s) for*