

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                Plaintiffs,         2007 Civ. 7185
                                   (Robinson)
  - against –

TOM ALLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a TOM ALLEN
EXCAVATING and JOAN ALLEN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                          DEFENDANTS' REPLY TO
                          PLAINTIFFS' OBJECTIONS TO
                          REPORT AND RECOMMENDATION


                                                JOHN H. HERSH
                                                Attorney for Defendants
                                                TOM ALLEN and JOAN ALLEN
                                                First Federal Building
                                                Peekskill, New York 10566
                                                914-739-4200

TABLE OF CONTENTS

|      |                                                  | Page |
|------|--------------------------------------------------|------|
| I.   | Introduction                                     | 1    |
| II.  | Federal Rules of Civil Procedure 72(b)           | 1    |
| III. | Standard of Review                               | 2    |
| IV.  | Closed-Ended Continuity                          | 3    |
| V.   | Open-Ended Continuity                            | 3    |
| VI.  | Conspiracy                                       | 5    |
| VII. | Conclusion                                       | 5    |

I.

INTRODUCTION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure the defendants, TOM ALLEN and JOAN ALLEN (hereinafter "ALLEN") reply to the Objections of the Plaintiffs, MICHELLE HOLUBAR and BJORN J. HOLUBAR (hereinafter "HOLUBAR") dated May 12, 2008, to the Report and Recommendation of United States Magistrate Judge Mark D. Fox dated April 24, 2008 (hereinafter "REPORT").

ALLEN respectfully submits that the Objections filed by HOLUBAR are untimely because they were not filed with the Clerk of the Court until May 14, 2008, and were due May 12, 2008. Federal Rules of Civil Procedure 72(b)(2).

If the Court overlooks the failure to timely file the Objections, a de novo determination of those specific portions of the REPORT discussed in the Objections, the standard of review and HOLUBAR'S failure to plead facts establishing either closed-ended or open-ended continuity, establishes that the conclusions of the REPORT are in accordance with the applicable law.

II.

FEDERAL RULES OF CIVIL PROCEDURE 72(b)

HOLUBAR'S Objections dated May 12, 2008, were filed with the Clerk of the Court on May 14, 2008, and were therefore untimely. The REPORT provided HOLUBAR, an attorney, with notice that any Objections were required to be filed with the Clerk of the Court by May 12, 2008. On April 24, 2008, the Clerk of the Court gave electronic mail notice to HOLUBAR that Objections were due May 12, 2008.

ALLEN also served HOLUBAR by mail on April 24, 2008, with a copy of the REPORT dated April 24, 2008, with written notice of entry in the Office of the Clerk of the Court on April 24, 2008. HOLUBAR sought no extension of time to serve and file their Objections nor made any application for relief. Federal Rules of Civil Procedure 6(b)(1)(A) and (B). ALLEN respectfully submits that HOLUBAR has waived their rights to further judicial review of the REPORT. Dryer v. Ryder Automotive Carrier Group, Inc., 367 F. Supp. 2d 413 (W.D.N.Y. 2005).

### III.

### STANDARD OF REVIEW

If the Court overlooks the failure to timely file the Objections, a de novo review of the applicable legal standard utilized by United States Magistrate Judge Mark D. Fox establishes that in recommending that the Court grant ALLEN'S motion to dismiss HOLUBAR'S third amended complaint (hereinafter "TAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) this conclusion is in accordance with the applicable law. Accepting as true all of the factual allegations in the TAC, HOLUBAR could not plead facts sufficient to satisfy the continuity prong of the pattern requirement of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968 (hereinafter "RICO"). HOLUBAR could not plead facts to establish either closed-ended continuity or open-ended continuity; and because they already had an opportunity to amend their complaint three (3) times, dismissal is proper and in accordance with the applicable law since they could not move this claim across the line from conceivable to plausible. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1974 (2007).

IV.

CLOSED-ENDED CONTINUITY

HOLUBAR'S Objections dated May 12, 2008, argue that the TAC alleged sufficient facts establishing closed-ended continuity. The REPORT correctly found that HOLUBAR did not argue that the TAC sufficiently alleged closed-ended continuity and concluded on this point that in any event such argument would fail. In accordance with the applicable law, the REPORT correctly determined that HOLUBAR could not plead facts to establish a series of predicate acts by ALLEN extending over a substantial period of time or no less than two (2) years. The REPORT correctly concluded that even accepting as true HOLUBAR'S claim that ALLEN'S pattern of racketeering activity extended from October, 2006 until June, 2007, this period of eight (8) months is not a substantial period of time sufficient to establish closed-ended continuity.

V.

OPEN-ENDED CONTINUITY

The REPORT contained a thorough analysis of the applicable legal principles defining open-ended continuity. Finding HOLUBAR'S TAC deficient for failure to satisfy the continuity prong of the RICO pattern requirement, ALLEN'S other arguments for dismissal of HOLUBAR'S RICO claims were not addressed. With respect to open-ended continuity, ALLEN argued that HOLUBAR'S conclusory generalities that fraud would continue into the future do not make a RICO case and were insufficient to distinguish this from a claim of "one shot fraud." Town of Poughkeepsie v. Espie, 402 F. Supp. 2d 443 (S.D.N.Y. 2005). ALLEN argued correctly that to properly plead

3

open-ended continuity sufficient for RICO liability purposes HOLUBAR'S TAC required specific allegations as distinct from generalized claims that established an ongoing future threat of criminality with no foreseeable end point. <u>Lefkowitz v. Bank of New York</u>, 2003 WL 22480049 (S.D.N.Y.).

That in accordance with the applicable law the REPORT properly determined that HOLUBAR failed to assert any facts, accepted as true, establishing that ALLEN presented an ongoing threat of future criminal activity with no end in sight. <u>Lefkowitz v. Bank of New York</u>, 2003 WL 22480049 (S.D.N.Y.). HOLUBAR could not satisfy the requirement for pleading facts, as distinct from speculating, that ALLEN'S claimed criminal conduct would continue into the future. Accepting as true all of HOLUBAR'S factual allegations, the TAC alleged only that ALLEN'S activities were directed at HOLUBAR, commencing in October, 2006 and ending in June, 2007. Dismissal was therefore properly recommended because open-ended continuity is not established where the alleged scheme involves a single victim and plan. <u>Watral v. Silvernails Farms, LLC</u>, 177 F. Supp. 2d 141 (E.D.N.Y. 2001).

The Court should adopt the conclusions in the REPORT concerning HOLUBAR'S failure to properly allege a pattern of racketeering activity because it is in accordance with the applicable law as set forth in <u>Watral v. Silvernails Farms, LLC</u>, 177 F. Supp. 2d 141 (E.D.N.Y. 2001), cited in the REPORT. The analysis in the REPORT is correct. HOLUBAR alleged a limited scheme aimed only at HOLUBAR. HOLUBAR could not supply any facts from which it could be inferred that the claimed criminal acts were the "regular way" ALLEN conducted the excavating business. Because the element

4

of open-ended continuity is lacking, dismissal was warranted.

## VI

## CONSPIRACY

That in accordance with the applicable law the REPORT properly determined that having failed to adequately plead a substantive RICO claim under 18 U.S.C. Section 1962(c), HOLUBAR'S RICO conspiracy claim under 18 U.S.C. Section 1962(d) should be dismissed.

## VII

## CONCLUSION

HOLUBAR attempts to transform a business dispute over a road, rocks, back filling and grading into a RICO claim and accepting as true his factual allegations the REPORT correctly concluded that they do not satisfy the requisite jurisdictional elements. What happened in this case has happened before and as recently as 2006, this Court (McMahon, D.J.) in Carousel Foods of America, Inc. v. Abrams and Company, Inc., 423 F. Supp. 2d 119 (S.D.N.Y. 2006) rejected a RICO claim brought by a lawyer for a member of his family which claim involved a mere business dispute, only.

HOLUBAR'S Objections dated May 12, 2008, and filed May 14, 2008, were not timely filed with the Clerk of the Court as required by Federal Rules of Civil Procedure 72(b) and they have waived their rights to further judicial review. The Court should in all respects accept the findings and recommendations of United States Magistrate Judge Mark D. Fox in his REPORT dated April 24, 2008, and dismiss HOLUBAR'S RICO claims in their TAC and their remaining state law claims.

Dated: May 21, 2008.

                                               _____
                                               JOHN H. HERSH
                                               (JHH-1548)
                                               JOHN H. HERSH
                                               Attorney for Defendants
                                               TOM ALLEN and JOAN ALLEN
                                               First Federal Building
                                               Peekskill, New York 10566
                                               914-739-4200

TO:
    BJORN J. HOLUBAR
    Attorney for Plaintiffs
    MICHELLE HOLUBAR
    and BJORN J. HOLUBAR
    575 Madison Avenue, 10th Floor
    New York, New York 10022
    646-334-8312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHELLE HOLUBAR and
BJORN J. HOLUBAR,

                              Plaintiffs,            AFFIDAVIT OF SERVICE
                                                          2007 Civ. 7185
   - against -                                               (Robinson)

TOM ALLLEN, a/k/a TOMMY ALLEN,
a/k/a THOMAS ALLEN, d/b/a
TOM ALLEN EXCAVATING and
JOAN ALLEN,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK    )
                                ) SS.:
COUNTY OF WESTCHESTER )

      JOHN H. HERSH, being sworn says: I am not a party to the action, am over 18 years of age and reside at Peekskill, New York 10566.

      On May 21, 2008, I served a true copy of the annexed defendants' reply to plaintiffs' Objections in the following manner:

      By mailing the same in a sealed envelope, First Class mail, with postage prepaid thereon within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

                              Bjorn J. Holubar, Esq.
                              575 Madison Avenue, 10th Floor
                              New York, New York 10022.

_____
JOHN H. HERSH

Sworn to before me this

21st day of May 2008.

_____
Notary Public

MARGARET T. FURFARO
Notary Public, State of New York
Qlfd. Westchester County # 4707187
Term Expires March 30, 20_11_

---

MICHELLE HOLUBAR and BJORN J. HOLUBAR,

                            Plaintiffs,

      - against -

TOM ALLEN, a/k/a TOMMY ALLEN, a/k/a THOMAS ALLEN, d/b/a
TOM ALLEN EXCAVATING and JOAN ALLEN,

                            Defendants.

---

## DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

### JOHN H. HERSH

*Attorney for*    Defendants, TOM ALLEN and JOAN ALLEN

FIRST FEDERAL BUILDING
PEEKSKILL, NEW YORK 10566
(914) 739-4200

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:...................................    Signature.......................................................................................

                                      Print Signer's Name......................................................................

*Service of a copy of the within*                                         *is hereby admitted.*

Dated:

                                                      *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on      20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                        one of the judges of the within named Court,
at
on                 20     , at          M.

Dated:

                                                                                                                          **JOHN H. HERSH**

                                                        *Attorney for*

                                                                                    FIRST FEDERAL BUILDING

To:                                                                                    PEEKSKILL, NEW YORK 10566

*Attorney(s) for*